THE STATE, GEORGE W. DOUGLASS, PROSECUTOR, v. THE. MAYOR AND ALDERMEN OF JERSEY CITY.

A detective officer in the police department of a city cannot be reduced to a roundsman, with decreased pay, without notice and a hearing. If he be unlawfully reduced, he cannot be dismissed for not procuring a roundsman uniform, when the rule of the department requires detectives to perform duty in citizen's clothing.

On *certiorari* to the board of police commissioners of Jersey City.

Argued at June Term, 1890, before Justices VAN SYCKEL and SCUDDER.

For the prosecutor, *Collins & Corbin.*

For the defendant, *R. S. Hudspeth* and *W. D. Edwards.*

The opinion of the court was delivered by

SCUDDER, J.   There are two cases between the same parties bringing up two separate resolutions of the board of police commissioners of Jersey City.   The first dated July 31st, 1889, by which the prosecutor was put on patrol duty in the Fourth precinct; the second dated February 28th, 1890, dismissing him from the service of the police force for willful disobedience of orders.

The prosecutor had been a detective on the police force of Jersey City for ten years continuously prior to the time when the resolution was passed putting him on patrol duty.

As detective he was entitled to receive a compensation of $100 per month; the salary of patrolman was $83.33⅓ per month.   Without any notice to him, or hearing, this first resolution was passed and the reduction in his pay was made. The change involved more than the mere transfer of a policeman from one duty to another within those assigned to the department of equal grade.   It differs, therefore, from the

case of *McManus* v. *Newark*, 20 *Vroom* 175, where the duties were different, but the compensation the same, and resembles in principle *Michaelis* v. *Newark*, 20 *Vroom* 154, where there were different duties and decreased pay. A resolution therefore passed without notice to him, or an opportunity for hearing, is of no validity, under the act of 1886. *Pamph. L., p.* 48 ; *Rev. Sup., p.* 515.

Proceeding upon this unauthorized change in his condition, a second resolution was passed ordering him to procure a uniform such as was worn by patrolmen. This order he refused to obey. It involved the purchase of an uniform at his own expense when assigned to duty at a reduced compensation. By rule 176 of the police department of Jersey City, detectives were required to perform duty in citizen's clothing. Until he was legally removed or transferred from that service he could not be required to purchase or wear the uniform prescribed for roundsmen, although notice was given to him of the proceedings for his dismissal for disobedience of orders in not procuring the uniform. There was no legal authority to remove him from the service for this cause, when the change had been made by the prior resolution, without notice to him or hearing. So long as he remained a detective he was justified, under the rule of the department, to refuse to purchase and wear a uniform contrary to the established rule controlling the dress of detective officers.

Both resolutions will be set aside and judgments entered for prosecutor, with costs.