# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1894.

THE STATE, EX REL. JOHN B. DAVIS ET AL., v. WILLIAM H. DAVIS ET AL.

1. By force of the statute of this state relating to informations in the nature of a *quo warranto*, it is the defendant's title that is alone put in issue.

2. When a public office has been intruded into, without color of right, the court will impose such a fine upon the usurper as shall appear, under the circumstances, to be condign.

On informations in the nature of a *quo warranto*.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the relators, *J. Willard Morgan.*

For the defendants, *Alfred Hugg.*

203

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case, in its present aspect, is before this court on demurrer to the informations. Originally a plea was filed, but this was struck out, on motion, as frivolous.

The controversy is conditioned as to facts in this wise, viz., the defendants were duly elected as chosen freeholders by virtue of the act of 1892, and the relators to the same office under the more recent act of 1894, and which, in plain terms, repeals the older one and vacates the offices of those who had been elected in pursuance of its provisions.

It appears from the informations before us that the relators have exhibited, upon the record, their title, and the demurrer, admitting of course the fact that the defendants themselves are holding the offices in question by wrong and usurpation, serves to put to the test the right that their adversaries have thus displayed.

But the futility of such an attack is conspicuous. No issue of this character can be raised or decided in this procedure. The only question in these informations is whether the defendant is in wrongful possession of an office or franchise. That is the sole inquiry and subject for judgment.

It is true that the present action has been taken in accordance with the supplement to the *Quo Warranto* act passed in 1884 (*Rev. Sup., p.* 319, § 1), but that modification of the method of procedure has not altered the law in the respect now in question. It has not in any degree whatever modified or affected the subject of the judicial inquiry; all that it does is to enable a certain class of persons to initiate these proceedings at will and without the permission of the court. Its language is as follows, viz.: "That whenever it is alleged that any person or persons usurp, intrude into or unlawfully hold or execute any municipal office or franchise within this state, it shall and may be lawful to and for any citizen of this state, who believes himself lawfully entitled to such office or franchise, to file in the office of the clerk of the Supreme Court an information, or informations, in the nature of a *quo*

*warranto,* at the relation of the said citizen, and who shall be mentioned in such informations to be the relator, against such person or persons as defendant or defendants, from usurping, intruding into or unlawfully holding or executing any such office or franchise, and to proceed therein in such manner as is usual in cases of informations in the nature of a *quo warranto,*" &c.

The purpose and effect of this statutory provision are plainly expressed in its terms, and it is manifest that it does not lend the least countenance to the notion that a relator, by force of its adjustments, can put his own title in issue and have its legality adjudicated. So clear is the legislative expression on this point that it does not even make the possession of title in the relator a prerequisite to his right to become the actor in the procedure, for it bestows that privilege on " the citizen who merely believes himself lawfully entitled to such office." In point of fact, he may not have title, but he is qualified by the statute to proceed in the manner stated, if he has an honest faith in the legality of his claim. It indubitably follows that he need neither state nor prove his title. That this is the *status* of such a relator is further evident from the statutory privilege conferred upon him, which is " to file an information in the nature of a *quo warranto*" against a person usurping or intruding into a public office. This is the entire scope of the powers conferred, and on the accusation thus authorized it is obvious that the sole subject of judicial inquiry is the guilt or innocence of the defendant. The title of the relator is in nowise pertinent to such an investigation.

The result is that this demurrer before the court has no other effect but to admit the usurpation of the defendants of the office in question.

Before leaving this subject, it is proper to say that while the statutory provision above stated has the effect already ascribed to it, and enables a relator of the class mentioned to file, *ex mero motu,* one of these informations, it is not to be understood that the procedure thus initiated is removed from

the control of this court.   It is deemed that such is not the effect of this law.   If, on a motion to quash an information thus exhibited, it should be made to appear that it had been · presented in bad faith, or that, in its result, it would prove injurious to the public interests, there can be no doubt that it would be within the competency of the court to control or arrest such a course of law.   The judicial supervision over such subjects is one of the prerogatives of this court, and it does not seem that such an authority could be materially diminished by legislative action; but without deciding that question it is enough to say that in the law that has been above construed we do not perceive any trace of such an invasion.

In the present case the defendants stand before us as self-confessed wrongdoers.   They are usurpers of a public office, and by their misconduct have occasioned disorder and confusion in the affairs of local government.   Their conduct has been so plainly illegal that it is not possible to believe that, in retaining their positions, they had the faintest belief that they were right in so doing.   It is to be remembered that such a malfeasance as this is an indictable offence in both those who advise it and in those who execute it.

It is not proper for this court to pass such a wrong as this without rebuke, and it is, therefore, ordered that judgment be entered that due process of law issue to remove these defendants from the offices into which they have intruded, and also that a fine of $200 be laid on each of said defendants for their malfeasance.