THE STATE, DANIEL LEARY, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF ORANGE.

The act of February 23d, 1886 (*Gen. Stat., p.* 1534, § 328), prohibits the transferring of a police officer from the position of sergeant to the inferior position of patrolman for any other cause than incapacity, misconduct, non-residence or disobedience of the rules and regulations of the police force of which he is a member.

On *certiorari.*

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Samuel Kalisch.*

For the defendant, *Edward M. Colie.*

The opinion of the court was delivered by

GUMMERE, J. This writ brings up a resolution of the common council of the city of Orange, passed March 2d, 1896, in the following language:

"*Resolved,* By the common council of the city of Orange, that on and after the first day of April, A. D. eighteen hundred and ninety-six, Daniel Leary be and he hereby is relieved from performing the duties of desk or night sergeant on the police force of said city of Orange, and that the duties to be performed by him on and after the first day of April, eighteen hundred and ninety-six, shall be those of a patrolman on the police force of said city of Orange."

The question involved in the case is the right of the city of Orange to remove the prosecutor from his position of desk or night sergeant and assign him to duty as a patrolman.

The prosecutor was appointed a sergeant of police by resolution of the common council passed May 3d, 1886, and, from

the time of that appointment, he performed the duties of desk sergeant up to the time of the passage of the resolution now under review.

His salary as desk sergeant was $75 a month. The compensation of patrolman was $70 a month. He was removed from his position as desk sergeant and assigned to duty as a patrolman without notice and without a hearing. The position of patrolman was not only lower in character, but was different in the kind of work to be performed, and carried with it a smaller compensation than that of desk sergeant.

The act of February 23d, 1886 (*Gen. Stat., p.* 1534, § 328), forbids the removal of any person from office or employment in the police department of any city, or from the police force of any city, for political reasons, or for any other cause than incapacity, misconduct, non-residence or disobedience of just rules and regulations established, or which may be established, for the police force or police department of such city.

There is no suggestion in the case that the prosecutor was incapable of performing the duties of desk sergeant, or that he had been guilty of any misconduct, or of disobedience of any rules or regulations of the police department, or that he was not a resident of the city.

Resolutions similar in their effect to that now being considered, have been held by this court to be in contravention of the act of 1886, or of statutes of like import, and for that reason have been declared void. *Michaelis* v. *Jersey City,* 20 *Vroom* 154; *Douglass* v. *Jersey City,* 24 *Id.* 118.

If the question were an open one in this court, we should have some difficulty in reaching the conclusion that it was intended by the act of 1886 to so restrict municipalities in their control over their police departments as to prevent them from shifting persons employed therein from one position to another, as the public good might require, without regard to the character of the duty to be performed or the compensation to be received. It would seem to be a matter of necessity that such a power should be lodged in the governing body of a municipality in order that the efficiency of its police depart-

ment might be properly maintained. But, so far as this court is concerned, the effect to be given to the act of 1886, in cases like that now before us, is settled by the decisions above referred to, and we have nothing to do but follow those decisions.

The result, therefore, is that the resolution brought up for review must be set aside and judgment entered for the prosecutor, with costs.