THE STATE, EX REL. J. LEWIS LANE, v. JAMES E. OTIS.

Submitted March 21, 1902—Decided June 9, 1902.

1. In *quo warranto* proceedings, under our statute, the title of relator to the office may be drawn in issue by the respondent.
2. Section 69 of "An act to regulate elections" [Revision] (*Pamph. L.* 1898, *p.* 237), is mandatory in character; it not only makes it illegal for an elector to vote elsewhere than in his own district, but also makes his title to vote dependent upon the exercise of that right within the election district in which he actually resides.
3. The effect of a vote illegally cast is that in legal effect no vote has been cast.
4. In determining what shall constitute a majority of votes at an election, those ballots only that are in legal effect votes are to be considered.
5. A supplement to an act entitled "An act to incorporate the chosen freeholders in the respective counties of the state," approved April 16th, 1846 (*Pamph. L.* 1899, *p.* 427), is unconstitutional in so far as it provides for the election of members of the board of chosen freeholders by a majority vote in all the townships of the state excepting in those in counties of the first class.

On *quo warranto.* On motion for leave to enter judgment on a special verdict.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the relator, *George Reynolds, John G. Horner* and *Charles V. D. Joline.*

For the respondent, *Isaac W. Carmichael.*

The opinion of the court was delivered by

GARRISON, J. This *quo warranto* comes before the court upon a *postea* showing a special verdict, upon which each party asks for leave to enter a judgment in his favor.

This proceeding places in issue the title of the relator as well as that of the incumbent. *Pamph. L.* 1895, *p.* 82;

*Hawkins* v. *Cook,* 33 *Vroom* 84; *Manahan* v. *Watts,* 35 *Id.* 465.

The case of *Davis* v. *Davis,* 28 *Vroom* 203, was decided prior to the act of 1895. As the law now stands the title of the relator may be drawn in question by the respondent, and in this case the pleadings and proofs present that issue.

The office in dispute is that of member of the board of chosen freeholders of the county of Ocean, for the township of Little Egg Harbor. The borough of Tuckerton having been set off from the township, there were, at the time this election was held, two election districts, viz., the borough of Tuckerton and the township of Little Egg Harbor that lay outside the borough. At the election held upon March 12th, 1901, the electors of each of these districts cast their ballots for member of the board of chosen freeholders at polling-places situated within the territorial limits of the borough of Tuckerton. This circumstance gives rise to the main subject of contest between the parties to this proceeding. The contention of the relator is that the ballots cast by the electors who resided in that part of the township that lay outside the borough are not in legal effect votes cast at the election, and hence cannot be counted. If these ballots be counted, Otis, the incumbent, has a plurality over Lane, the relator, but not a majority, for there was a third candidate. If the vote of the township be thrown out the relator has a plurality over Otis and a majority of all the votes counted, but not a majority of all the ballots cast. To state it in another way: If a majority of all the ballots cast be necessary to elect, neither the relator nor the incumbent was elected, whereas if a plurality be enough, the relator was elected if the vote of the township be disregarded, and the same is true if the vote of the township be thrown out and a majority of the remaining votes be held to be sufficient to elect. The board of registry and election threw out the township vote and gave a certificate of election to the relator. The board of chosen freeholders denied the relator's right and seated the incumbent. The action of neither of these bodies has, however, any force upon this judicial proceeding.

The first question, therefore, to be decided is whether the ballots cast within the borough by the electors who resided in that part of the township that lay outside of the borough were lawful votes.

There are three provisions of the "Act to regulate elections" [Revision] . (*Pamph. .L.* 1898, *p.* 237) that bear upon this question, to wit, the seventh section, the sixty-fourth and the sixty-ninth.   Section 7 requires the clerk of every township to put up advertisements of the time, place and purpose of an election in five most public places within such township. Section 64 requires that the boards of registry and election shall in their respective election districts hold all elections to be held throughout the state.   Section 69 enacts that "every person possessing the qualifications required by the constitution and being duly registered as required by this act shall be entitled to vote in the election district in which he actually resides, and not elsewhere."

It may be that the provisions of sections 7 and 64 may be regarded as being merely directory, although this is not decided.   Section 69, however, is of a different nature.   It deals with a matter of substance that goes to the qualification of electors.   It not only makes it illegal for any elector to vote elsewhere than in his own district, but also makes his title to vote dependent upon the exercise of that right within the election district in which he actually resides, placing this qualification upon the same plane with those required by other statutes and by the constitution.   Obviously, this is not a mere monition.   Both from its nature and its association this provision is mandatory in character, and the effect of a vote illegally cast in disregard of it is that in legal effect no vote has been cast.   Giving due force, therefore, to this legislative prescript, the ballots cast within the election district of the borough of Tuckerton by electors who actually resided in the township outside the borough were not votes cast at the election and must be disregarded in computing its result.   The general rule with respect to the effect of voting at a wrong place, which harmonizes with this conclusion, is stated in 10 *Am. & Eng. Encycl. L.* (*2d ed.*) 685.

Counsel for the incumbent contends that if the vote of the township be excluded still the relator cannot succeed, because in such event he would not have been elected by a majority of all the ballots cast at the election. The fact is as stated, but the argument loses sight of the decision of this court and of the Court of Errors and Appeals in the case of *Bott* v. *Secretary of State,* 33 *Vroom* 107; *S. C.,* 34 *Id.* 289.

In that case it was held that in determining whether a majority of votes had been received for an amendment to the constitution only those electors who lawfully voted for or against the amendment are to be considered. It is true that the opinions delivered dealt only with the language of a given clause of the constitution, but the line of reasoning is applicable with equal force wherever the question of the computation of a majority of votes is presented. The principle announced is that ballots cast at an election are to be deemed votes only when legally capable of being counted as such, and that in determining the total vote upon which a majority is to be based the votes that may figure in the result and not the ballots that were cast in the box are to be considered. Applying this rule to the vote spread upon this special verdict, it will be found that the total number of votes legally capable of being counted for any candidate, if the vote of the township be deemed illegal, was two hundred and eighty-seven, of which the relator received one hundred and sixty-one, a majority of seventeen over the two other candidates.

A majority of the votes cast was, however, not necessary to an election. The act of 1899 (*Pamph. L., p.* 427), which was in force when this election was held, was unconstitutional in its requirement that members of the boards of chosen freeholders should be elected by a majority of votes. Upon this point the argument of counsel for the incumbent is unanswerable. The third section of this statute provides that the act shall not apply to any township in any county of the first class. This renders the act void inasmuch as no reason can be suggested for the election of a chosen freeholder by a majority of votes in some townships and by a plurality in others. The act is therefore within the prohibition of article IV.,

section 7, placitum 11 of the amended constitution, without reference to the larger question whether the legislature, even if unrestricted by this provision, could impart to the votes of electors in one locality an efficiency denied to them in others when cast for the same office. This act being invalid, the ninety-third section of the Election law prescribes the uniform rule that the person who receives the greatest number of votes is the one elected.

The result reached is that the ballots cast in the borough of Tuckerton by the electors who resided in the election district that lay outside the borough were not legally capable of being counted as votes, and that the relator was elected by the remaining votes which were legally cast at the election.

Judgment upon the *postea* may be entered ousting the defendant.