SAMUEL BAKELY ET AL., PROSECUTORS, v. JOSEPH E. NOWREY.

68   95
68   451
68   452
a68   732

Argued February 25, 1902—Decided June 9, 1902.

1. Under the act entitled "An act relative to the time of election and appointment and terms of office of officers elected or appointed in cities of this state," approved February 28th, 1901, the term of office of the present mayor of the city of Camden began at twelve o'clock noon of January 1st, 1902.
2. His predecessor in office could make an appointment to any position which the mayor had the legal right to fill at any time prior to twelve o'clock noon of January 1st, 1902.
3. The two substitute or chance policemen of the city of Camden, provided for by city ordinance, are members of the police force of that city, and cannot be removed except for cause and after hearing.

On *certiorari* to vacate an order of the mayor of the city of Camden removing the prosecutors from the police force of said city.

Before Justices FORT, HENDRICKSON and PITNEY.

For the prosecutors, *Harry C. Kramer* and *Edwin G. C. Bleakly.*

For the respondent, *Howard Carrow.*

The opinion of the court was delivered by

FORT, J. The term of office of the respondent as mayor of the city of Camden began at twelve o'clock noon of January 1st, 1902, at which hour the term of office of his predecessor expired. The statute seldom fixes a certain hour for the expiration of official life, but such is the case as to city officials in this state. *Pamph. L.* 1901, *p.* 41, § 2.

Any vacancy in office, occurring from any cause, prior to twelve o'clock noon of January 1st, 1902, and which vacancy the mayor could fill, the outgoing mayor of Camden had a

right to fill.    Mayor Hatch appointed the prosecutors as substitutes or chance policemen on the police force, and they were sworn in at half-past ten o'clock A. M., January 1st, 1902.    At the time these appointments were made there were vacancies to be filled.    Two policemen had resigned prior to January 1st, 1902.    The prosecutors entered upon their duties and had served on the force on January 1st, 2d and 3d, when, on the latter day they were summarily removed by the respondent, who became mayor of the city on January 1st, 1902, at twelve o'clock noon.    No charges were preferred against the prosecutors and they were not given a hearing.    They were simply removed by the order of the mayor and their badges, revolvers, clubs, &c., taken from them.    If the prosecutors were entitled to the protection of the Police Tenure of Office act their removal was illegal.    *Gen. Stat.,* p. 1534, § 326.    This statute covers both officers and employes in the police department of any city and prevents a removal except for just cause and after written charges, duly signed, and a public examination into the same by the proper authority.    Proceedings of this character are judicial in their nature, and the statute must be followed, otherwise a removal is void.    *Douglass* v. *Jersey City,* 24 *Vroom* 118; *Bowlby* v. *Dover, post,* p. 97.

But one question remains.    Were the prosecutors members or employes of the police department of the city of Camden at the time of their summary removal?    It is conceded they had been appointed and were acting as substitutes or chance policemen.

Of whom the police department of the city of Camden is constituted is defined by section 126 of an ordinance of that city, passed December 30th, 1886, which reads as follows:

"Section 126. That the police officers of the city of Camden shall consist of a chief of police, three captains of police, two house sergeants, three sergeants of police, two detectives, eight police patrolmen, seventy-eight policemen and two substitutes or chance policemen, who shall act and be known as the police force of the aforesaid city."

· The dissenting opinion of Mr. Justice Pitney in *Bowlby* v. *Dover* will be found *post p.* 416.

There appears no room for controversy over the construction of this ordinance or the relation of chance policemen to the department; they are police officers. A chanceman on the force of the city of Camden is a police officer within the act of March 25th, 1885, and its supplements, and is protected from removal except for cause and in the manner pointed out in that statute. Other objections raised are either without force or are amendable within the discretion of the court.

This leads to the vacation of the order of removal of the mayor. Let such an order be entered, with costs.