THOMAS E. CAMPBELL, PROSECUTOR, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEWARK.

Argued February 17, 1904—Decided June 13, 1904.

The code of discipline of the police department of the city of Newark does not authorize the dismissal of an officer or patrolman from the police force for offences or conduct committed prior to entry upon the service.

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Frank E. Bradner.*

For the defendant, *Malcolm MacLear.* .

The opinion of the court was delivered by

FORT, J. The writ in this case brings up the conviction of the prosecutor of the violation of rule 14 of the code of discipline of the police department of the city of Newark.

Two complaints or charges were made against the prosecutor:

*First.* Absence without leave.

*Second.* That he had violated the criminal law.

He was shown to have been out of the city on a trolley car, in citizen clothes, when off duty, and he admitted his absence was without leave.

This complaint was evidently deemed trivial, and the record does not show that it was ever reduced to a formal charge in writing; and the commissioners, on the trial, ignored it and did not attempt to make it the basis of their order for dismissal—their minutes showing that no action was taken upon it. It surely was not such an offence as would, under the circumstances proven, have justified so severe a penalty as dismissal from the force.

In the second offence alleged the charge and specification were as follows:

"DEPARTMENT OF POLICE,

"HEADQUARTERS, NO. 9 BANK STREET,

"NEWARK, N. J., December 7th, 1903.

*"To the Honorable The Board of Police Commissioners:*

"GENTLEMEN—I hereby charge Patrolman Thomas E. Campbell, of the 1st Police Precinct, with violation of Rule No. 14 (Code of Discipline), violation of any criminal law.

### "SPECIFICATION.

"In this that the said Patrolman Thomas E. Campbell, of the 1st Police Precinct, in making application for appointment as patrolman of the Police Force of the City of Newark, New Jersey, on the 6th day of March, 1886, stated, under oath, that he had never been convicted of any crime, when, in fact, he was convicted in the Morris County Court of Special Quarter Sessions of the Peace of assault and battery, and on the 22d day of November, 1878, was thereupon sentenced to and served a term of sixty days in the common jail of said county for said offence.

"HENRY HOPPER,
*"Chief of Police."*

The proof was, by the record of conviction, that in November, 1878, the prosecutor had pleaded guilty to an accusation of assault and battery in the Morris county Quarter Sessions. At the time of this plea the prosecutor was a young man. This was eight years before he applied for a position as patrolman on the Newark force. No allegation of wrong-doing was made against him of any kind, so far as the record shows, from 1878 to the time of his trial on the charge in question.

The order brought up reads:

"Officer Thomas E. Campbell was found guilty as charged in the specification of Charge No. 946, and, upon motion, dismissed from the force.

"No action was taken on Charge No. 947."

Charge No. 946 was for violation of rule 14 (code of discipline), "violation of any criminal law."

Charge No. 947 was for absence without leave.

The code of discipline in question reads:

### "CODE OF DISCIPLINE.

"Any officer or member of the force shall be subject to reprimand, deduction of pay, suspension from duty, reduction in rank, or dismissal, according to the nature and aggravation of his offence for any of the following causes, or for any violation of the rules and regulations governing the force:

"1. Intoxication while on duty or in uniform.

"2. Willful disobedience of orders.

"3. Indecent, profane or harsh language.

"4. Disrespect to a superior officer.

"5. Unnecessary violence to prisoners.

"6. Leaving post without just cause.

"7. Neglect in paying just debts, contracted while on the force.

"8. Immorality, indecency or lewdness.

"9. Absence without leave.

"10. Incompetency, lack of energy, and incapacity, mentally or physically.

"11. Entering any building except in discharge of duty while in uniform.

"12. Sleeping on duty.

"13. Neglect of duty.

"14. Violation of any criminal law.

"15. For making known the proposed action or movements of the force, or the provisions of any orders, to persons outside of the force.

"16. Conduct unbecoming an officer and a gentleman.

"17. Conduct subversive of good order and the discipline of the force.

"18. Not properly patroling post.

"19. Not found on post.

"20. Publicly commenting on official action of a superior officer.

"Adopted by the board, December 22d, 1897."

The code applies by its terms to the conduct of an officer of the police force after he becomes a member thereof.

Each and all these twenty causes for which an officer may be dismissed from the force, or punished less severely, clearly indicate that they relate to his conduct as an officer.

It would seem impossible of belief that an offence, not involving moral turpitude, committed by a youth, many years before he became a member of the force, was intended to be included in the causes for *discipline* after he became a member of the force.

In December, 1903, at the time this prosecutor was dismissed, there was a statute expressly providing that no person should be *appointed* a policeman who had been convicted of crime, but the act contained this proviso : *"Provided, however,* that a conviction of such person for simple assault and battery shall not disqualify any such person for office." *Pamph. L.* 1902, *p.* 665.

And prior to that act, by the act of 1899, it was enacted that no person shall be appointed a policeman "who has been convicted of a crime involving moral turpitude." *Pamph. L.* 1899, *p.* 26, § 2.

It would not be contended that a simple assault and battery involved moral turpitude.

Prior to these statutes there was no legislation on the subject.

It is unquestionably the rule that the court will not review the findings of a board of police commissioners, dismissing an officer for a specified offence after charges and hearing if there be evidence to justify a conviction of the charge upon which he is tried. *Devault* v. *Mayor of Camden,* 19 *Vroom* 433; *Ayers* v. *Newark,* 20 *Id.* 170; *Dodd* v. *Camden,* 27 *Id.* 258; *Dodd* v. *Foster,* 35 *Id.* 370; *Cavanagh* v. *Police Commissioners,* 30 *Id.* 412; *Alcutt* v. *Police Commissioners,* 37 *Id.* 173.

By the express terms of section 1 of the Police Tenure of Office act of 1899 it is enacted that "no person shall be removed from office or employment in the police department of any city for political reasons, or for any other cause than incapacity, misconduct, non-residence, or disobedience of just rules and regulations heretofore established, or which may be established, for the government of the police force or police department of the city." *Pamph. L.* 1899, *p.* 26.

By section 3 of the same act, as amended by chapter 41 of the laws of 1902 (*Pamph. L., p.* 183), it is provided "that no removal shall take place for any of the causes above mentioned until after a written charge or charges, stating the cause of complaint, shall have been preferred against such officer or employe, signed by the person or persons making such charge or charges, and filed in the office of the municipal officer, officers or board having charge of the department in which the complaint arises, and after the said charge or charges have been publicly examined into."

If the rules of the department do not provide for discharge for offences or conduct committed prior to the entry upon the service, it is questionable whether, under this statute, a policeman could be dismissed for such a cause.

We are quite clear that the code of discipline of the city of Newark does not cover offences antedating the commencement of the term of service of the officer.

Counsel for the defendant, in his brief, contends that this conviction can be sustained, because the prosecutor, in stating in his application for the position of patrolman upon the force that he had never been convicted of crime, had not stated the truth. It is a sufficient answer to that contention to say that that is not the charge, in writing, which was made against him and upon which he was tried. The statute requires that an officer, when charged with an offence, is entitled to have the charge in writing, and the definite charge which he is to meet must be specified.

There being no evidence going to prove that the prosecutor has been guilty, as a policeman, of the violation of any

criminal law, there is no justification for the action of the police commissioners in dismissing him from the force, and the order of dismissal is vacated and set aside, with costs.