THOMAS MAGNER v. JOHN YORE.

Argued February 20 and 21, 1907—Decided June 10, 1907.

1. Under the Tenure of Office act (*Pamph. L.* 1899, *p.* 26) a member of the police force of a city cannot be removed by the city council because of ineligibility existing at the time of his appointment.

2. A plea to an information in the nature of *quo warranto* setting up title to the office in defendant, and praying that it be allowed and adjudged to him, if it is bad in that aspect, cannot be sustained under section 12 of the *Quo Warranto* act (*Pamph. L,* 1903, *p.* 379) as a plea of want of title in the relator.

On *quo warranto.* Demurrer to plea.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the relator, *James Benny* and *Gilbert Collins.*

For the defendant, *Elmer W. Demarest.*

The opinion of the court was delivered by

SWAYZE, J.   We are satisfied that there has been no laches on the part of the relator, and the motion of the defendant to dismiss the proceedings must be denied, with costs.

We think the motion to strike out the plea ought not to prevail.   Although there may be some doubt whether it is properly framed, we incline to the opinion that it may be looked at as a plea that the office was vacant at the time of Yore's appointment, but we need not enlarge upon the subject since we think the plea is bad in substance.

The plaintiff was chief of police of Bayonne, appointed December 16th, 1902, entered upon the duties of his office January 1st, 1903, and performed the same until February 10th, 1906, when the present attempt to oust him was made.   There was no written charge against him.   The plea sets up that the

office was vacant at the time defendant was appointed, because the relator did not possess the qualifications required, some by the statute and some by the rules and regulations adopted by the common council and in force at the time of the relator's appointment.

The act of 1899 (*Pamph. L., p.* 26) enacts that no officer or employe in the police department of any city shall be removed from office or employment therein except for just cause as provided by the first section of the act, and then only after a written charge, stating the cause of complaint, shall have been preferred and publicly examined by the appropriate municipal board upon reasonable notice to the person charged. The intent of the act is declared to be to give a fair trial and reasonable opportunity to make his defence. This act extended to all officers and employes and all cities the provisions of the act of 1892 (*Gen. Stat., p.* 1546) as to chiefs and captains of police in second-class cities, which latter act also would be applicable to the present case if not superseded by the act of 1899.

The act makes no distinction between officers *de facto* and officers *de jure.* The object of the legislation was to improve the character and discipline of the police force by securing the members in their positions during good behavior and to prevent their removal for partisan and personal reasons not affecting their character or efficiency as policemen. These reasons are quite as applicable to *de facto* officers as to officers *de jure.* The act permits their removal only for incapacity, misconduct, non-residence or disobedience of just rules and regulations. Neither of these causes includes ineligibility at the time of appointment. This court has intimated in a previous case that a police officer cannot be removed for conduct prior to entry upon the service. *Campbell* v. *Police Commissioners,* 42 *Vroom* 98. If the relator was ineligible the proper method to oust him was by *quo warranto.* But even if the statute permitted removal for ineligibility existing at the time of the appointment, the plea fails to show that the statutory procedure was followed. As far as appears no charges

were made, no notice given the relator, and no hearing had. The plea fails to show a legal removal of the relator, or a vacancy in the office at the time defendant was appointed, and therefore fails to show title to the office in him.

. It is said, however, that since the act of 1895 (*Gen. Stat.*, p. 2635, *pl.* 12), now included in the revised act as section 12 (*Pamph. L.* 1903, p. 379), the title of the relator may also be put in issue. *Lane* v. *Otis*, 39 *Vroom* 64, 656. The question remains, then, whether the pleadings are effective for that purpose. We think they are not. The plea is in form a single plea in bar setting up title to the office in the defendant and praying that it may be allowed and adjudged to him. Such a plea does not put in issue the title of the relator except indirectly. If it should be held that the title of the relator also is put in issue by such a plea, we should have the anomaly of a single plea tendering two distinct issues. It may well be that since the act of 1895 the old rule forbidding more than one plea in *quo warranto* (*State* v. *Roe*, 2 *Dutcher* 215) is not applicable to proceedings under the act of 1884, now section 4 of the revised act (*Pamph. L.* 1903, p. 377), but the defences are of a · different character and require different pleas. One attacks merely the right of the plaintiff to file the information in his own name and not in the name of the attorney-general, as a citizen not claiming the office might do with leave of court. *Pamph. L.* 1903, p. 375, § 1; *State, ex rel. Mitchell,* v. *Tolan,* 4 *Vroom* 195, 198, 199. In the present case the defendant has by his plea relied upon his own title, and it cannot now be sustained merely as an attack upon the right of the relator to proceed in his own name without leave of the court. Since the plea fails to show a good title to the office in the defendant, the relator is entitled to judgment of ouster upon the demurrer.