JOSEPH HANSEN, PROSECUTOR, v. FRANK VAN WINKLE, CLERK OF THE BOARD OF POLICE COMMISSIONERS OF JERSEY CITY, AND THE BOARD OF POLICE COMMISSIONERS OF JERSEY CITY.

Argued February 24, 1908—Decided June 8, 1908.

1. A resolution of a police board reducing in rank a member of the force and thereby incidentally reducing his salary, passed without notice to and without charges against such member and a trial, is of no validity under the Tenure of Office act. *Pamph. L.* 1899, p. 26.

2. The fact that a member of a police force was ineligible to promotion cannot be urged as warranting his reduction from the rank to which he had been promoted.

On *certiorari*.

Before Justices REED, PARKER and VOORHEES.

For the prosecutor, *J. Merritt Lane*.

For the defendants, *James J. Murphy*.

The opinion of the court was delivered by

VOORHEES, J. The prosecutor was, by a resolution of the police board of Jersey City, on the 3d day of April, 1907, promoted from an acting patrolman to the position of detective sergeant, and in consequence of such promotion became entitled to an increase of salary. He entered into the office and proceeded to perform the duties of a detective sergeant and was paid the increase of salary, to which he was entitled. The duties of the two positions are not the same.

On January 24th, 1908, the board of police commissioners passed the following resolution:

"Whereas, after a diligent search of the records of this board by its clerk, and having been assured that in the case of Detective Sergeant J. Hansen the law was not complied with, inasmuch as no recommendation was made by his captain

or any superior officer as to his ability, as required by chapter 43, Laws 1902; therefore,

"Resolved, That said Joseph Hansen be and he is hereby returned to duty as an acting patrolman in his respective grade according to term of service."

This writ brings up the above resolution.

The act cited in the resolution provides:

"Section 2. Any and all promotions of any such acting patrolman or similar member of the police force as aforesaid shall only be made for merit, and upon the approval, in writing, of the captain of the said police force, or of the branch thereof under whom said acting patrolman is serving, and the chief of the said police force, and if no such officer, then of the chief officer of the said police force, as to the good conduct and fitness of the said individual for promotion.

"Section 3. Any and all promotions in the said police force from the position of acting patrolman as aforesaid, of any such acting patrolman, shall be made according to meritorious service and duration of service in the said police force, and as aforesaid, and not otherwise; provided, however, that there shall be connected with the said police force acting patrolmen qualified and entitled to promotion under the provisions of this act."

No notice was given to the prosecutor of his proposed reduction in rank nor were charges made against him. He had no opportunity to be heard. The question presented is whether a police board can reduce in rank a member of the force without notice and without charges and a trial, thereby incidentally reducing his salary.

In *Douglas* v. *Jersey City*, 24 *Vroom* 118, the court held that where such changes are made which result in a reduction of the compensation of the member so reduced in rank a different case is made from that in *McManus* v. *Newark*, 20 *Id.* 175, and that where the duties are different and the pay is decreased, a resolution passed without notice to the incumbent, or an opportunity for hearing, is of no validity under the Tenure of Office act. *Pamph. L.* 1899, *p.* 26. This reasoning was reluctantly followed in *Leary* v. *City of Orange*, 30 *Id.* 350, and must be considered the law of this court.

But the board of police commissioners insist that the prosecutor was ineligible to promotion from his former rank to his present position of detective sergeant, from which he has now been reduced by the resolution *sub judice,* because he had not at the time of such promotion the approval, in writing, of the captain of the police force or of the branch thereof, under whom he was then serving, as patrolman, and of the chief of the police, as required by the sections above recited, and, therefore, the promotion was invalid and the reduction in rank was justifiable. But, the fact of his ineligibility at the time of his promotion cannot be urged as warranting his reduction in rank. *Magner* v. *Yore,* 46 *Vroom* 198.

The action of the board in promoting him to his present rank and his actual service in such new position constituted him, even without the written recommendation, at least a *de facto* officer. The Tenure of Office act applies to *de facto* officers. *Magner* v. *Yore, supra.*

The resolution under review attempting, without notice or charges, to return the prosecutor to duty as an acting patrolman must therefore be set aside.