JOSEPH HANSEN, APPELLANT, v. THE MAYOR AND AL-
DERMEN OF JERSEY CITY, APPELLEE.

Argued November 10, 1908—Decided February 23, 1909.

Plaintiff, as a member of the police department of Jersey City, was serving as detective sergeant, from which position he was removed and assigned to duty as a patrolman, the salary of the latter position being less than that of the former. He served as patrolman and was paid the compensation incident to that office, and it being determined, in proceedings instituted by the plaintiff for that purpose, that his transfer from one position to another in the same department of the public service at a lower salary was unlawful, he brought suit to recover the salary incident to

his former position for the period of time he served as patrolman. *Held*, that the money paid him by the city for services as patrolman was properly credited against the amount sought to be recovered.

On appeal from the First District Court of Jersey City.

Before Justices REED, BERGEN and MINTURN.

For the appellant, *Merritt Lane*.

For the appellee, *John Milton.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff was a member of the police force of Jersey City, holding the position of detective sergeant at a salary of $112 per month; from this position he was removed by the municipal authorities and assigned to the position of acting patrolman, the compensation for which was $66 per month. He served in this capacity for four months, when, by virtue of an order of the Supreme Court he was restored to his former position, and thereupon brought suit to recover the full compensation incident to the office of sergeant, without allowing credit for the money paid him for services as patrolman. The trial court allowed his claim for salary as sergeant and $42.50 paid for patrolman's uniform, no uniform being required for the office of detective sergeant, but deducted from such allowance the sum paid the plaintiff while he served as patrolman. If it had appeared in this case that there was a *de facto* officer filling the plaintiff's position as detective sergeant who had been paid the compensation incident to that office during the period of such services, or which he might recover from the city under the rule established by the Court of Errors and Appeals in *Erwin* v. *Jersey City,* 31 *Vroom* 141, it would be a debatable question whether the plaintiff would be entitled to recover anything from the city unless the intruder came into office by fraud or without color of title, but this question is not raised by the record in this case and is not passed upon, the city not having appealed from the judgment

below, and the only question raised and to be considered is whether, assuming that the plaintiff was entitled to the compensation of the office from which he was excluded during the time he was prevented from performing the duties of such office, it was proper to deduct therefrom the amount paid him by the city for his services in another branch of the same department of the city's administration.

The claim of the plaintiff, the appellant here, is, that the right of an officer to the salary of his office does not rest upon a contract between himself and the city, but is an incident of that office which he is entitled to recover without deduction, notwithstanding, during the period he seeks to recover for, he served as a member of the police department in another capacity and was paid for such services by the city.

The doctrine that the right to compensation is an incident of, and follows the legal title to, a public office, to the extent that under all circumstances a *de jure* officer may recover whether he performs the duties of the office or not, is not always recognized.

In *Dolan* v. *Mayor,* 68 *N. Y.* 274, suit was brought by a *de jure* officer against the city to recover the salary incident to the office, from which he had been excluded by one who entered under color of title, and to whom a part of the consideration had been paid by the authorized disbursing officer of the city. Under these circumstances it was held that the *de jure* officer could only recover from the city so much of the compensation incident to the office as had not been paid the *de facto* officer; that the city had a right to rely, in the payment of salaries, upon the apparent title, and to treat one clothed with it as a *de jure,* although it afterwards appears he is only a *de facto* officer. The decision was largely rested upon the ground of public policy, which requires that public offices should always be filled so that at all times persons may be found ready and competent to exercise official powers and duties, because if the public authorities could not pay the salary of the office to the *de facto* officer except at the peril of paying it a second time, the public service would be embarrassed and its efficiency impaired. Thus, according to the case just referred to, the

right to recover from a municipality compensation incident to an office does not, in every case, follow the legal title to the office.

In this state it has been held that an action by a *de jure* to recover from a *de facto* officer compensation incident to an office which has been paid to the *de facto* officer cannot be maintained where the intruder came into office without dishonesty or fraud. *Stuhr* v. *Curran,* 15 *Vroom* 181; *Erwin* v. *Jersey City, supra.* In the latter case it was determined by our Court of Errors and Appeals that a *de facto* officer may recover from the city the compensation incident to the office, if he enters under a *prima facie* right, without fraud, and thereafter performs the duties required of the person filling such office.

The declaration in the case now under review contains the common counts only, and there is no special count for salary due as an incident to office, and it is doubtful whether under this declaration the plaintiff could recover other than for labor performed, for which it is admitted he has been paid.

But assuming that the declaration correctly states the cause of action which the plaintiff now insists upon, it would show that the plaintiff was a member of the police force of Jersey City; that as such member he had been appointed to the office of detective sergeant at a salary of $112 a month; that he had been unlawfully deprived of that office for a period of four months and assigned to another office on the police force, the salary of which was $66 a month, and has also been required to purchase a patrolman's outfit, which he would not have been required to do except for the unlawful act of the city; that he performed the duties of the office to which he was so assigned, and received from the city the regular compensation incident to that office. From this it would appear that he at all times belonged to the police force of the city, and that the only injury he has suffered for which he could recover is the loss of compensation between the two offices.

In *McManus* v. *Newark,* 20 *Vroom* 175, this court held that the change of a member of the police force from the position of detective to patrolman was not within the terms of the act

restraining the right of removal from office, and that the municipal authorities might lawfully transfer from one branch to another of the same service. In that case the prosecutor was acting as detective, and his complaint was that he had been assigned to duty as a patrolman without notice or hearing, but the court held that he was still on the force, and as the prosecutor had not been removed, suspended, expelled or discharged from the police force, he was not within the terms of the protective statute, and the court said: "If questions of precedence and preference among the members of the police force are to be settled by hearing on evidence and argument, there can be no proper subordination, no selection or preference for skill or aptitude for special service."

In *Douglass* v. *Jersey City*, 24 *Vroom* 118, in which the opinion was written by Mr. Justice Scudder, who also wrote the opinion in *McManus* v. *Newark, supra*, it was held unlawful to reduce a detective who was paid $100 to the position of patrolman at a less salary without notice to him, the court saying that the case differed "from the case of *McManus* v. *Newark*, 20 *Id.* 175, where the duties were different, but the compensation the same, and resembles in principle *Michaelis* v. *Newark* (should be Jersey City), 20 *Id.* 154, where there were different duties and decreased pay."

In *Leary* v. *Orange*, 30 *Vroom* 350, is was held that the prosecutor was improperly removed from the office of desk sergeant, and assigned to the position of patrolman without notice or hearing, but in that case there was a difference in the compensation. The result of the decisions in this state seems to be that it is unlawful to transfer a member of a police force from one position to another at a lower salary without notice, but it is nowhere held that the officer ceases to be a member of the police force.

We are of opinion that if a member of a police force serves in a position to which he has been assigned, and accepts the compensation incident to his new position, he is, if illegally transferred, at least only entitled to so much of the compensation incident to the office from which he has been removed as would equal the difference between the respective salaries of the two positions.

Our attention has been called to the case of *People* v. *French,* 91 *N. Y.* 265, as sustaining the position taken by the appellant, but in that case the application for *mandamus* was limited to the difference between the salary of a patrolman and that paid to the applicant while on "sick leave." The applicant in that case becoming ill and unable to perform his duties as patrolman was paid only one-half the amount of compensation due his office for part of the time, and for another part only one-quarter, and the only question passed upon was whether the department was justified in refusing to pay full compensation. It was held that it was not, but that payments made to a policeman while not on duty because of sickness should be deducted.

In *Fitzsimmons* v. *Brooklyn,* 102 *N. Y.* 536, it was held that where the officer was discharged and not permitted to perform any services in the department to which he belonged, he was not required to account for money earned elsewhere. This case is not an authority for the claim that, if the prosecutor instead of being discharged, is deprived of a part of the compensation to which he is entitled, he would not be required to credit the amount which had been paid to him for services in another branch of the same department to which he had been improperly assigned.

The judgment below is affirmed.