FRANK BULLOCK, RELATOR, v. CHARLES BIGGS.

Submitted March 19, 1909—Decided June 7, 1909.

1. The charter of Millville required that all officers elected under the act should take an official oath before the common council of the city, and provided for a city marshal to be elected. Subsequently the charter was so amended that the city marshal was thereafter appointed by the mayor and common council. *Held*, that he was still required to take the oath as required by the original charter.
2. Where a city officer is required to take his official oath before the common council, it is not enough for him to take it before the mayor alone.
3. In a *quo warranto* brought by one claiming title in himself under section 4 of the *Quo Warranto* act, the court must determine the title of the relator as well as of the respondent when the former's title is questioned by proper pleadings, and if neither relator nor respondent is entitled to the office, judgment must be entered to that effect.

On *quo warranto*.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the relator, *Hampton & Fithian.*

For the defendant, *Joseph F. Smith* and *Carrow & Kraft.*

The opinion of the court was delivered by

SWAYZE, J.   The pleadings in this case are informal and consist of an information setting forth the title of the relator to the office of city marshal of Millville and a plea challenging the title of the relator and claiming title in the defendant. There is no demurrer or replication and no issue joined upon this plea.   The parties, instead of joining issue and having it disposed of by the court if it was an issue of law or tried by a jury if it was an issue of fact, have taken depositions as if the proceeding were in the nature of a rule to show cause why an information should not be filed.   The conclusion to which we have come is such that we think we may fairly dispose of the case upon the merits as if it came before us on a rule to show cause or upon a demurrer to the plea.   Since the act of 1895, which now appears as section 12 of the *Quo Warranto* act (*Pamph. L.* 1903, *p.* 379), which was passed to meet the situation created by the decision in *Davis* v. *Davis,* 28 *Vroom* 203, the court is required to determine not only the title of the respondent to the office or franchise in question but also the title of the relator to the same office or franchise. *Hawkins* v. *Cook,* 33 *Id.* 84; *Manahan* v. *Watts,* 35 *Id.* 465; *Lane* v. *Otis,* 39 *Id.* 64, 656.   It is, however, essential that the question should be raised by proper pleadings.   *Magner* v. *Yore,* 46 *Id.* 198.

The plea challenges the title of the relator to his office upon the ground that he failed to take the official oath required by the charter of Millville. *Pamph L.* 1866, *p.* 119, § 9.   This requires that all officers elected under the act should take an official oath before the common council of the city.   It is con-

ceded that the relator failed so to do, but it is said that the section of the charter cited applies only to elective officers, and that the marshal is no longer an elective officer since the act of 1871 (*Pamph. L., p.* 540), which provides that he shall be appointed by the mayor and common council. We think, however, that the ninth section of the charter of 1866 applies to all the officers enumerated in section 5 and thereby required to be elected. The object of the act was to secure from each officer an oath of fidelity, and the reference to them in section 9 as officers elected under the act was intended to be a short description of the officers of whom the oath was required. It is as if the officers had been once more enumerated in section 9. The result is that the change in the method of their selection did not do away with the requirement of an official oath. In fact, the relator seems to have supposed that he was still required to take an official oath, and took the same before the mayor. This, however, is not a compliance with the statute. No doubt the legislature might well have authorized the oath to be taken before the mayor. It is sufficient, however, to say that they chose to require that it be taken before the common council. As Chief Justice Beasley said, in *Douglass v. Freeholders of Essex,* 9 *Vroom* 214 (at *p.* 216) : "Where that which is directed to be done is within the sphere of legislation, and the terms used clearly express the intent, all reasoning derived from the supposed inconvenience, or even absurdity of the result, is out of place. It is no province of the courts to supervise legislation and keep it within the bounds of propriety and common sense." In that case the relators had failed to take an official oath as chosen freeholders within twenty days after their election and appointment, as required by the charter of Belleville, and it was urged that such an oath ought not to be required of the freeholders of the city of Belleville when it was not required of freeholders from other municipalities, but the court held that the statutory requirement was plain. So in *Hayter v. Benner,* 38 *Id.* 359, the officer in that case was required to take an oath faithfully and impartially to discharge the duties of his office. The oath taken was to perform the duties of the office re-

quired by the constitution and by-laws of the borough to the best of his ability.. The court held, however, that these words were not the equivalent of those used in the statute and that the relator never obtained the title to the office of councilman. None of the acts relating to the taking of official oaths help the relator, for none of them do away with the specific requirement of the Millville charter. The act of 1906 requires that the officers shall file the oath with the clerk of the municipality. No oath taken by the relator was produced. The mayor testified that the oaths had been taken before him, and that it was the practice to leave the papers with him, and that the relator's oaths had probably been burned with other papers when he left the office.

We have, however, decided in *Magner* v. *Yore, supra,* that the Tenure of Office act of 1899 applies to police officers who are such *de facto,* and it may be said that the effect of the act of 1899 was to retain the relator in the office of which he then actually was in possession. In Magner *v.* Yore, however, we were dealing only with the question of the title of the respondent, and that depended upon whether at the time he was appointed there was an existing vacancy, and we held that the operation of the act of 1899 was to prevent the vacancy. We distinctly said that the pleadings were not in such shape as to present the question of the title of the relator himself. The question raised in that case, however, was very different from the question now presented. Here the title of the relator is put in issue by the pleadings, and he must rely not merely upon the fact that he was a *de facto* officer and continued as such by the Tenure of Office act, but he must show that he is an officer *de jure,* and this he has failed to do. Magner *v.* Yore, however, is authority for the position that the respondent is not rightfully in possession of the office of marshal, for at the time he was appointed the office was not vacant. The result is that neither relator nor respondent is legally entitled to the office, and the judgment to be entered should be that which was ordered in *Hawkins* v. *Cook, supra.*