JOHN MICHAELIS, PROSECUTOR, v. THE BOARD OF FIRE COMMISSIONERS OF JERSEY CITY.

1. The transfer of an employee in the Jersey City fire department from his position of engineer to that of stoker, which last position is attended with different duties and decreased pay, is invalid under the act (*Pamph. L.*, 1885, *p.* 130) regulating the terms of officers and men in fire departments.

2. Such employee is protected, although he was appointed without filing an application sworn to and having a physician's certificate showing his physical condition, according to the requirements of a rule adopted by a preceding board of fire commissioners.

The prosecutor brings up certain proceedings to remove him from the office or employment as engineer of Engine Company No. 1, to the position of stoker of Engine Company No. 3.

Argued at June Term, 1886, before Justices DIXON and REED.

For the prosecutor, *C. H. Voorhis.*

For the defendants, *A. L. McDermott.*

The opinion of the court was delivered by

REED, J. The prosecutor attacks the resolution of the board of fire commissioners of Jersey City, which made the transfer above mentioned. He claims that by the terms of the act of 1885 (*Pamph. L., p.* 130), no power was vested in the board to make the transfer. This act provides that the officers and men employed by municipal authority in the fire

department of any city shall severally hold their respective offices, and continue in their respective employments during good behavior, efficiency and residence in said city. It then provides for the removal of such officers or employees for certain causes.

I think that he held his employment as engineer protected by the terms of that act, and any attempt to transfer him without his consent, was a removal from office or employment.

The place of stoker was a different position, inferior in dignity, dissimilar in its work and attended with decreased wages. It was, within the meaning of the act, a different employment or office.

The defendants, however, contend that he never held the position of engineer by municipal authority. He was promoted to his position as engineer, June 1st, 1885. But it is in evidence that there was at that time in existence a rule of the board, which reads thus: "No appointment in this department shall be legal until the applicant has filed an application properly sworn to and having a physician's certificate attached thereto, showing his physical condition." This rule of the board was adopted in August, 1881, and has never been readopted or rescinded since.

Inasmuch as the power to appoint and remove officers was (until the act of 1885) lodged in the board of each year without any restriction, except such as the board of that year might adopt, no resolution of a board of 1881 could restrict the power of appointment of the board of 1885. There is no evidence of any action of the board of the last-named year in reference to the resolution. In fact, it seems to have been disregarded. Besides, the rule seems to have prescribed what was to be done by a candidate before he could be considered as eligible to be appointed.

It seems to have been a rule which was designed for the convenience of the board, and which it could, in its discretion, disregard. Certainly, after permitting an appointee to exercise an employment and receive pay for months, it can hardly be

said that they have not waived the performance of the preparatory steps which the rule contemplates.

If the appointee is physically unfit to perform the duties attached to his employment he is removable under the act of 1885.

The resolution is set aside.