THE TOWN OF MONTCLAIR ET AL., PROSECUTORS, v.
EUGENE DOYLE, RESPONDENT.

Argued May 3, 1938—Decided July 22, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *George S. Harris.*

For the respondent, *Charles E. McCraith, Jr.*

PER CURIAM.

The prosecutor attacks the order of the Essex County
Court of Common Pleas adjudging the respondent not guilty
of certain charges of which the director of public safety of
the town of Montclair found him guilty and ordered him
reduced from the rank of assistant chief of the fire depart-
ment to the rank of captain, and ordering respondent rein-
stated to the position of assistant chief, and ordering prose-
cutor to pay respondent at the salary of assistant chief from
the date of his reduction in rank to captain.

Respondent was involved in an automobile collision while
off duty and the essence of the charges against him was that
he left the scene of the accident in violation of the Motor
Vehicle act.

Respondent appealed the finding of the director of public
safety to the Court of Common Pleas under the provisions of
chapter 64 of the laws of 1935. *Pamph. L., p.* 169. The
first point raised is that the Court of Common Pleas was
without jurisdiction because the respondent was not removed

from office or employment. The argument is that one is removed from office only when he is deprived of any office or employment, and that reduction in rank or demotion is not a removal from office.

But the decisions of this court seem to leave no doubt that a transfer, without the consent of the incumbent, from one position to one of less dignity, at a lower rate of compensation, is a removal from office. *Michaelis* v. *Board of Fire Commissioners*, 49 *N. J. L.* 154; *Leary* v. *Mayor of Orange*, 59 *Id.* 350; *Hansen* v. *Van Winkle*, 76 *Id.* 443; *Harrington* v. *Carteret*, 1 *N. J. Mis. R.* 167.

So that it seems clear that the act relied upon conferred jurisdiction on the Court of Common Pleas to hear the case *de novo* and make such order as the court concluded was proper and just in the circumstances.

A trial was had in the Common Pleas and the trial judge concluded that there was not sufficient evidence to justify a finding that respondent was guilty of willfully and intentionally leaving the scene of the accident in violation of his duty under the law, and further concluded that respondent was removed from his automobile in a state of shock and put in another car to be taken to a hospital.

A review of the evidence persuades us that the finding of the trial judge was amply justified.

The writ is dismissed, but without costs.