JOHN S. BRANIN, PROSECUTOR, v. TOWNSHIP OF DELA-WARE, CAMDEN COUNTY, NEW JERSEY, RESPONDENT.

Submitted October 4, 1938—Decided January 25, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Albert S. Woodruff.*

For the respondent, *Gene R. Mariano* (*Lawrence N. Park*, of counsel).

The opinion of the court was delivered by

PORTER, J. This case comes before us to review the legality of three certain resolutions and an ordinance adopted by the Township Committee of the township of Delaware, the respondent, as follows: First, a resolution abolishing the office of chief of police, adopted February 14th, 1938; second, a resolution demoting prosecutor, who occupied the office of chief of police, to the rank of patrolman, adopted February 14th, 1938; third, an ordinance providing a salary of prosecutor of $1,200 annually instead of $1,800 annually, adopted February 28th, 1938; fourth, a resolution appointing F. Lee Smith acting chief of police, adopted February 28th, 1938.

The prosecutor was appointed chief of police of the said municipality in January, 1926, and occupied the office until the adoption of the resolution of February 28th, 1938. At that time he was receiving an annual salary of $1,800.

It is the contention of the prosecutor that he had tenure of office under the provisions of the statute concerning municipalities, section 3, *Pamph. L.* 1917, *p.* 359; *R. S.* 40:47-6, and could not be removed or reduced except for incapacity, misconduct, non-residence or disobedience of rules and regulations of the department and on notice and after hearing. He is a resident of the municipality and no charges of any kind have been preferred against him.

The law is settled that a reduction in rank of an officer constitutes a removal from office. *Montclair* v. *Doyle,* 120 *N. J. L.* 485, and cases therein cited.

The law is also settled that the governing body of a municipality may abolish any office which may be necessary in order to promote economy. *Cobb* v. *Wildwood,* 11 *N. J. Mis. R.* 176.

The position taken by the municipality is that its action was taken solely for purposes of economy of operating the department, made necessary because of its poor financial condition. The record before us shows that the municipality has been unable to pay its obligations since 1932 and that its financial affairs for that reason are under the control and supervision of the Municipal Finance Commission of the state. Under the circumstances it is, of course, imperative that strict economy be practiced.

That leads us to the meritorious question presented: whether or not the municipality was actuated in its action by improper motives. Our conclusion is that the action was *bona fide* and taken in good faith in the exercise of sound economy in the administration of its police department.

The writ will be dismissed, with costs.