## BOARD OF EDUCATION OF RICHMOND COUNTY
## v. ·YOUNG.

No. 12576.   March 8, 1939.

*Isaac S. Peebles Jr.,* for plaintiff in error.
*William K. Miller* and *F. Frederic Kennedy,* contra.

Atkinson, Presiding Justice.   1.   The act approved August 23, 1872 (Ga. L. 1872, pp. 456-463), provided a special system of public instruction in Richmond County, by creating and incorporating a county board of education, and prescribing its duties and methods of procedure.   See *Smith* v. *Bohler,* 72 *Ga.* 546, 552.   The present constitution of 1877, by art. 8, sec. 5, par. 1 (Code, § 2-7001), provided that "Existing local school-systems shall not be affected by this constitution," and thus preserved such local county systems, notwithstanding the additional provision of art. 8, sec. 1, par. 1 (Code, § 2-6601), that "There shall be a thorough system of common schools for the education of children, as nearly uniform as practicable."   See *Worth* v. *Board of Education of Savannah,* 177 *Ga.* 166, 176 (170 S. E. 77) ; *State Board of Education* v. *Board of Public Education of Savannah,* 186 *Ga.* 783, 790 (199 S. E. 641) ; *Board of Education for Bibb County* v. *State Board of Education,* 186 *Ga.* 200 (3, 6), 206, 209 (197 S. E. 260).   The act approved

March 12, 1937 (Ga. L. 1937, pp. 1409-1413), creating "a teacher tenure for the Richmond County public-school system" and "rules and regulations of said teachers by the board of education," being in effect an amendment of the original act of August 23, 1872, must be construed with its provisions, and falls within the protection of art. 8, sec. 5, par. 1, of the constitution, quoted above. *Barber* v. *Alexander,* 120 *Ga.* 30, 32 (47 S. E. 580). For the reasons stated, such act of March 12, 1937, did not offend the requirements of art. 1, sec. 4, par. 1, of the constitution (Code, § 2-401), as to uniformity of laws and special legislation where there is a general law, on the ground that the act was in conflict with the provision of the general school law requiring contracts with teachers to be in writing (Ga. L. 1872, p. 64; Code, § 32-913; *Orr* v. *Riley,* 160 *Ga.* 480, 128 S. E. 669), or with the requirement of the Code, § 23-1701, that county contracts must be spread upon the minutes; and this is true irrespective of whether such procedure was required for the local school system of Richmond County under the acts of August 23, 1872, and March 12, 1937. This is especially manifest since the general school act referred to (Ga. L. 1872, p. 75) contained the proviso that "nothing in this act shall be so construed as to prevent . . any county, under authority from the General Assembly of this State, from organizing a public-school system independent of this system, or to prevent the said independent organization from drawing its pro rata share of all educational funds raised by the State . . nor . . be so construed as to abridge any privileges of the kind herein recited, enjoyed by . . counties under existing laws." See, in this connection, sections 4, 5, and 15 of such local act, which gave to the county board the right and power to license its teachers, fix their salaries, provide for their payment, and revoke licenses, without in any wise limiting such power of license and employment by any condition that the board should make contracts with its teachers in writing.

2. Section 21 of the general public-school act of 1872, referred to above (Ga. L. 1872, p. 69; Code, § 32-913), enacted on the same day as the act creating a local school system for Richmond County, contained, with other powers and duties of county boards, the provision that "the county boards of education are empowered to employ teachers to serve in the schools under their jurisdiction, and the contracts for such service shall be in writing, signed in dupli-

cate by the teacher on his own behalf, and by the county superintendent of schools on behalf of the board." Even though this provision, as to all counties where it was applicable, made it obligatory that the boards of education should contract in writing with their teachers (*Orr* v. *Riley,* supra; *Green* v. *Snellville Consolidated School District,* 169 *Ga.* 667, 668, 151 S. E. 479; *Hill* v. *Conner,* 181 *Ga.* 516, 182 S. E. 911; *Jones* v. *Bank of Cumming,* 131 *Ga.* 191, 62 S. E. 68), such general provision, for the foregoing reasons, was not applicable so as thus to limit the contractural power of the Board of Education of Richmond County under the local acts cited. Accordingly, this petition of a teacher for a mandamus against the board was not subject to demurrer on the ground that it failed to show that her contract was in writing. See also *Long* v. *Wells,* 186 *Ga.* 602 (198 S. E. 763), which construed a teacher civil-service act in connection with this Code requirement, but did not deal with any exception which might exist under any local school-system act.

3. The "teacher-tenure" act for Richmond County of March 12, 1937, was not invalid as without constitutional authority under art. 7, sec. 6, par. 2 (Code, § 2-5402), or as contrary to the limitations of that paragraph, empowering the General Assembly to delegate "to any county the right to levy a tax for . . educational purposes." See *Smith* v. *Bohler,* supra.

4. Even though it were true that section 85 of the general school act approved August 19, 1919 (Ga. L. 1919, pp. 288, 294; Code, § 32-910), which makes a "county board of education . . a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law," with the right of appeal to the State superintendent of schools through the county superintendent, would have application to county school systems created by local law, such as that for Richmond County (see *Worth* v. *Board of Education of Savannah,* supra), and even though it were true that a proceeding by a teacher, such as in this case, for a restoration of her former status as principal and her former salary under the special "teacher-tenure" act for that county, approved March 12, 1937, would be a controversy falling within the quoted terms of the general school law, not even such a construction would preclude a direct proceeding by mandamus against the board of education, as was here brought, to com-

pel a proper discharge of official duty. See *Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (1-*b*) (119 S. E. 601), dealing with section 13 of the general school law, as to appeals to the State Board of Education from decisions of the State school superintendent in questions "touching the construction or administration of the school laws."

5. The teacher seeking a mandamus, having been employed for more than five years as the principal of a school in Richmond County, and having been re-elected following the adoption of the "teacher-tenure" act of 1937 for that county, without being placed on probation, became "permanently elected" under the terms and with the privileges and conditions imposed by sec. 2 (b), (c), and (d) of that act. Therefore, under secs. 3 and 5, she could not be suspended or removed except for one of the causes specified, and had the right to defend herself in a hearing before the board. By vurtue of sec. 4 of that act, giving to the board "the right to assign *principals* and teachers to such positions as, in its judgment, are best for the school system," it had the right merely to transfer her from her position of principal to that of a teacher in another school, without assigning a cause or a hearing, provided the board did not thus act merely arbitrarily, and exercised its "judgment" as to what was "best for the school system." However, a demotion from one position to another, if and when accompanied by a substantial salary reduction, being in effect a removal from the original position (see 43 C. J. 801-2, and cit.), the board had no right, without assigning any cause and without a hearing, to accompany the demotion of this petitioner with a reduction in her salary from $2200 to $1400 per annum. Accordingly, even though, under her proper remedy of mandamus, she was not entitled to a replacement in her former position as principal, in the absence of any averment or proof that the board had failed to exercise its "judgment" under the law, the court properly ordered a restoration of her salary and payment of the earned difference, and this status would continue until she be given the notice and hearing as provided by law. The judgment granting a mandamus absolute is affirmed, with direction that it be modified as here indicated.

*Judgment affirmed, with direction. All the Justices concur.*