McCALEB, Justice.
 

 The relator, Andrew McNeal, was employed by the Avoyelles Parish School Board as principal of the Lafargue High School continuously for ten years — that is, from the school session 1929-1930 to and including the school session 1938-1939. During the last two years of his .employment, he was paid a salary of $190 per month for ten months in each year. He holds a teacher’s certificate of the State of Louisiana and is a permanent teacher within the meaning of the Teacher’s Tenure Statute, Section 48 of Act No. 100 of 1922, as amended by Act No. 58 of 1936.
 

 
 *431
 
 During the month of August, 1939, the Avoyelles Parish School Board demoted the relator from the position of principal of the Lafargue High School to that of teacher and reduced his salary from $190 per month to $129 per month. This action on the part of the School Board was taken without the preferment of written and signed charges against the relator and without a hearing. Relator refused to accept the lesser position assigned to him by the Board and thereafter brought this action against it to compel it to reemploy and reinstate him in the position which he formerly held at the salary of $190 per month, and to pay him all back salary due and exigible.
 

 The School Board, while admitting the pertinent facts contained in relator’s complaint, resisted his demand on the ground that its action in removing him as principal of the Lafargue High School was justified since he had neglected, in many particulars, the duties assigned to him and further maintained that, as a matter of law, it had the right to demote him without filing formal charges against him in the manner provided by the Teachers’ Tenure Act.
 

 After a trial on the foregoing issues, there was judgment in the lower Court in favor of the relator commanding the respondent School Board to reemploy him as a teacher in the Lafargue High School or in any other high school in the Parish of Avoyelles at a salary of $190 per month and to pay him all back salary due and exigible since September, 1939. The respondent has appealed from the adverse decision.
 

 There was considerable evidence submitted by both parties to the Court below with respect to the manner in which the relator McNeal conducted himself during his tenure of office as principal of the Lafargue High School. None of this evidence is of importance to the decision here. The narrow issue presented to us for determination is whether the Avoyelles Parish School Board had the legal right to demote the relator from the position which he held and assign him to another teaching position in the high school at a lesser salary without complying with the provisions of Section 48 of the Teachers’ Tenure Statute as amended by Act No. 58 of 1936. The pertinent portion of that section reads as follows:
 

 “No permanent teacher shall be
 
 removed from office
 
 except upon written and signed charges of wilful neglect of duty, or of incompetency, or dishonesty, and then only if found guilty after a hearing by the school board of that parish in which the teacher is employed; which hearing, at the option of said teacher, may be private or public. Said teacher shall be furnished by said school board, at least fifteen days in advance of the date of said hearing, with a copy of the written charges. * * * ” (Italics ours.)
 

 The School Board admits, in the instant case, that McNeal was demoted from his position as principal to the position of teacher at a lesser salary without any written charges being filed against him as pro
 
 *432
 
 vided for by the above quoted section. It maintains, however, that the section is inapplicable because the words “removed from office” as used therein contemplate only an outright dismissal of the teacher and not a change to a lesser position coupled with a reduction in salary.
 

 In order to determine whether this contention is well founded, it is apt to examine all of the provisions of Section 48 for the purpose of ascertaining what the Legislature intended in its use of the wards “removed from office”. Section 48 not only provides for the procedure necessary with respect to the removal of permanent teachers, but also makes provision for the dismissal or discharge of probationary teachers. In dealing with the latter, the section declares: “During said probationary term the parish school board may
 
 dismiss or discharge
 
 any probationary teacher upon the written recommendation, * * * ” (Italics ours.) Thus, it will be seen that the Legislature, in providing that “no permanent teacher shall be removed ftom office except * * * ”, clearly indicated that it did not consider the word “removed” to be synonymous with “dismiss” or “discharge”.
 

 “Removed from office” is much broader in its scope than “discharge” or “dismiss”. It is well recognized in the jurisprudence of this country that the word “removal” as used in statutes similar to our Teachers’ Tenure Act includes a demotiqn in office by assigning the employee to a lower position in the same service at a lower rate of compensation. See Words and Phrases, Permanent Edition, Vol. 36, Verbo “Remove; Removal”, pp. 856 and 857, and cases there cited.
 

 This very question concerning the meaning of the word “removal” in a civil service statute was presented to this Court in State ex rel. Tallant v. Board of Com’rs of Port of New Orleans, 161 La. 361, 108 So. 770, 773. In that case, the relator had held the position of unit clerk with the Dock Board under a civil service statute which provided that employees shall hold their offices or employment during good behavior and “shall only be removed on charges preferred against them to said Board of Commissioners, * * * ” See Act 15 of Extra Session of 1915, § 5. He was suspended by the Board without a hearing from his position as a unit clerk, which paid him $240 a month, and was thereafter tendered a clerical position with a salary of $150 a month. He refused to accept the demotion in office and filed suit against the Board to compel it to reinstate him. The district judge held that he was entitled to relief because a demotion was tantamount to a removal. This Court on appeal adopted the views expressed by the district judge and said:
 

 “It may be added that an indefinitive suspension without pay simply amounts to
 
 a removal,
 
 and that a
 
 demotion,
 
 so far as it carries with it a reduction of salary, is only an indirect method of attaining the same end. For, if a civil service employee may be ‘demoted’ once and his salary thus substantially reduced, he may of course be ‘demoted’ again and his salary still further reduced, or (say) until it vanishes alto
 
 *433
 
 gether.” (Words in italics and parenthesis by the Court.)
 

 The foregoing opinion affords a complete answer to the School Board’s contention in the case at bar. Furthermore, the Tallant case is in accord with the overwhelming weight of authority throughout this country. See Kennedy v. Board of Education, 82 Cal. 483, 22 P. 1042; Lotts v. Board of Park Commissioners, 13 Cal. App.2d 625, 57 P.2d 215; Michaelis v. Board of Fire Commissioners, 49 N.J.L. 154, 6 A. 881; State v. Mayor, 53 N.J.L. 118, 20 A. 831; People v. Board of Education of New York, 78 App.Div. 501, 79 N.Y.S. 624, affirmed 174 N.Y. 169, 66 N.E. 674; McCarthy v. Steinkellner, 223 Wis. 605, 270 N.W. 551, 271 N.W. 374; State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74; Branin v. Delaware Tp., 121 N.J.L. 602, 3 A.2d 806; Town of Montclair v. Doyle, 120 N.J.L. 485, 200 A. 1011; Board of Education of Richmond County v. Young, 187 Ga. 644, 1 S.E.2d 739, and Simmler v. City of Philadelphia, 329 Pa. 197, 198 A. 1, 3.
 

 In the last cited case, the court said:
 

 “It requires but momentary reflection to realize that demotion from a higher to a lower office actually embraces two operations; a removal from the position held, and an appointment to the lower position. Being demoted, therefore, necessarily involves being ‘removed’ from the position previously occupied. The word ‘removed’ itself commonly connotes change from one place or station to another. Thus, in legal phraseology the ‘removal’ of a cause means, not its dismissal, but its transfer from one court to another. One of the dictionary meanings of ‘removal’ is ‘transference to another office’. Murray’s New English Dictionary.”
 

 In Board of Education of Richmond County v. Young, supra, the Supreme Court of Georgia, in holding that a demotion of a school teacher under a Teachers’ Tenure Law was a removal, declared:
 

 “However, a demotion from one position to another, if and when accompanied by a substantial salary reduction, being in effect' a removal from the original position (see 43 C.J. 801, 802, and cit.), the board had no right, without assigning any cause and without a hearing, to accompany the demotion of this petitioner with a reduction in her salary from $2200 to $1400 per annum.” [187 Ga. 644, 1 S.E. 2d 742.]
 

 The authorities relied upon by the School Board in support of its contention are inapplicable for the reason that in those cases the statutes involved provided against “dismissal” without a hearing as distinguished from “removal”.
 

 For the reasons assigned, the judgment appealed from is affirmed.