STATE ex rel. JOHN F. TAYLOR

*v.*

MARSHALL E. RASNAKE et al.

352 S. W. 2d 427.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

Frank Dossett, Boyce Griffith, LaFollette, for appellants.

Roy Asbury, Jacksboro, David B. Rogers, LaFollette, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

This is a mandamus suit in which the school teacher, Taylor, seeks to have the County School Board pay him the difference in salary which the position paid that he held prior to being demoted to a lesser salary. The Chancellor heard the matter on the pleadings and oral proof and rendered a decree in favor of the petitioner for $1,014.15. Able briefs have been filed on both sides, and after considering the matter thoroughly, we are in a position to dispose of the case.

Appellee, Taylor, had been employed for several years by the Campbell County Board of Education. He by virtue of his employment had gained permanent tenure status under the Campbell County Tenure Law, which is Chapter 384, Private Acts of 1949. The Legislature had

passed this Act, and it applied to Campbell County according to population classification. At the time of the facts out of which this litigation arose, Taylor was principal of LaFollette High School. He had held this position for some four or five years, when on July 23, 1959, the Board transferred him to and as principal of the Stony Fork High School. His salary at the Stony Fork High School was reduced by this transfer in the amount of the difference between the salary as principal of LaFollette High School and Stony Fork High School, which was the amount of the decree of the Chancellor. Taylor was given no notice of his transfer and no charges were filed against him.

The appellee based his suit under Section 2, Chapter 384 of the Private Acts of 1949, which is a Civil Service Permanent Tenure Act applying to Campbell County. Section 2 of this Act so far as applicable herein provides that none of those in authority ''shall have any right to dismiss, discharge, demote or change any employee made subject to civil service or permanent tenure by the provisions of this Act, from one position or class to another position or class within the Department of Education of said counties at a reduced salary, unless and until charges as specified herein shall have first been filed and sustained against such employee in the manner hereinafter provided; * * *.''

Section 3 of the Act provides that employees under the Act ''may be suspended, discharged from service, demoted or fined not exceeding an amount equal to one-twelfth of one month's salary, upon conviction of any crime, or for inefficiency, incompetency, neglect of duty, use of narcotics or intoxicating liquors, insubordination,

immorality, conduct unbecoming to their profession, failure or refusal to pay his or her taxes, or failure or refusal to pay his or her honest debts, in the following manner: * * *.'' Then follows (a), (b), (c) and (d), setting forth various things.

As said above there were no charges filed against Taylor setting forth any of these reasons or causes, or any other, for his transfer. Section 49-1306, T.C.A., provides that in case a teacher is removed, etc., he shall be given thirty days' written notice. No such action was taken hereunder.

Section 49-1419, T.C.A., which is one of the Sections in the State Teachers' Tenure Act, provides that this General Teachers' Tenure Act, which was adopted for the whole State, shall not affect any local or private tenure acts, which were in operation prior to March 1, 1951. This Campbell County Act became effective in March, 1949, therefore the Campbell County Act is not affected by the General Act of the State.

The two main assignments of error contend that Chapter 384 of the Private Acts of 1949, above referred to, violate both Article 1, Section 8, and Article 11, Section 8, of the Constitution of Tennessee, in that this Act seeks to grant the teacher and others referred to therein preferences, privileges and immunities afforded them in their private relations, other than those conferred by the general laws of the State, and attempts to impose limitations, restrictions, duties, responsibilities and burdens on Campbell County and its Board of Education other and different from those imposed by the general laws of the State.

The argument in support of these assignments is primarily based upon *State ex rel. Bales v. Hamilton County,* 170 Tenn. 371, 95 S.W.2d 618, 619. In the Bales case the Court had under consideration two special Acts applying to Hamilton County. These Acts fixed a minimum pay or salary for school teachers in that county. The argument was made in that case that there was an arbitrary discrimination against Hamilton County which imposed a burden upon it in violation of the Sections of the State Constitution, above referred to. In the Hamilton County case, the county by the Acts involved was deprived of the right to contract according to its ability and burdens were imposed upon Hamilton County that were placed upon no other county in the State—all of which was in conflict with the General School Law (sec. 49-101 et seq., T.C.A.). No such situation exists in the case now before us.

◼ The Private Act before us was passed for the purpose of advancing education. Education, of course, is a governmental function and the Legislature had a perfect right to pass such legislation for this advancement as it saw fit. This has been held true as to a number of governmental functions, such as firemen (*Smiddy v. City of Memphis,* 140 Tenn. 97, 203 S.W. 512; *City of Nashville v. Martin,* 156 Tenn. 443, 3 S.W.2d 164; *City of Knoxville v. State ex rel. Hayward,* 175 Tenn. 159, 133 S.W.2d 465).

◼ The Board of Education is not precluded from transferring employees in a most efficient manner as is often necessary for them to do within a school system. This Act though does not prohibit the Board in the performance of that duty. It merely gives the teachers a reasonable protection of not being transferred to a posi-

tion paying a lower salary without first being given notice and having charges preferred against them. This Act instead of being contrary to the General School Law, above referred to, and to the General State Law governing the teachers' tenure as set forth in sec. 49-1401 et seq., T.C.A., is substantially in compliance therewith, though in some instances the wording may be different. We think that Chapter 384 of the Private Acts of 1949, applicable herein, is not a violation of either Section 8, Article 11, or Section 8, Article 1, of the State Constitution.

█ So, in the long run the question that really narrows itself for determination is whether the Campbell County School Board has the legal right to demote Taylor from the position which he held and assigning him to another position at a lesser salary without complying with the provision of the Acts above referred to.

█ It is well recognized under all the authorities so far as we can find that the word "removal" as used in the Teachers' Tenure Acts includes a demotion in office by assigning the teacher to a lower position in the same service at a lower rate of compensation. See Vol. 36 Words and Phrases Remove; Removable, pages 856 and 857, and cases there cited.

In our investigation and study of the questions here involved we ran across the case of *State ex rel. McNeal v. Avoyelles Parish School Board,* 199 La. 859, 7 So.2d 165, 167, which to all intents and purposes fits this instant case like a glove. In that case opinions are cited from many jurisdictions over the United States supporting the position that we have assumed herein. Among other things, that opinion quotes thus:

"However, a demotion from one position to another, if and when accompanied by a substantial salary reduction, being in effect a removal from the original position (See 43 C.J., 801, 802, and cit.), the board had no right, without assigning any cause and without a hearing, to accompany the demotion of this petitioner with a reduction in her salary from $2200 to $1400 per annum." (*Board of Education of Richmond County v. Young,* 187 Ga. 644, 1 S.E.2d 739, 742.)

The last quotation likewise fits the factual situation in the instant case like a glove. In other words, this case and others cited therein are really "spotted cow" cases.

We thus come to the conclusion that when Taylor was only notified of his transfer from the LaFollette High School to the Stony Fork High School after the school term had ended in 1959 that thus he is entitled for reasons above expressed to the difference between the salaries that he was paid at the Stony Fork High School and that which he would have received as principal of the LaFollette High School where he had been for some years theretofore. The decree of the Chancellor is thus affirmed.