State ex rel. Brown v. Board of Education.

# THE STATE ex rel. LUKE BROWN et al. v. BOARD OF EDUCATION OF CITY OF ST. LOUIS et al., Appellants.

### In Banc, July 2, 1923.

1. **JUDGMENT: In Language of Statute.** A decree of the circuit court, enjoining a school board from discontinuing the services of teachers, in the exact words of the statute, is not erroneous. Nor is an order erroneous because it enjoins the discontinuance of teachers except "in the manner provided by law."

2. ———: **Removal of Teachers: Lifetime Tenure.** The opinion on the former appeal in this case (294 Mo. 106) simply held that Section 1 of Rule 47 of the Board of Education was violate of the statute and void; and a decree of the circuit court, made in obedience to said opinion and by which the board and superintendent were enjoined "from appointing teachers for the year" and "from discontinuing the services of any teacher, except after suspension by the Superintendent of Instruction in the manner provided by law" and "from in any other manner endeavoring to enforce Section 1 of Rule 47," cannot reasonably be construed as a decision that teachers employed by the board hold for life and can be removed only for cause after a trial. The statute provides that the superintendent may suspend a teacher "for cause deemed by him sufficient" and that the board may remove a teacher after such suspension "as it may deem proper"; and while a sense of fair play, as well as the law, would probably impel the superintendent and the board to give a teacher a chance to defend himself against a charge affecting his character, there is nothing in said decree that inhibits the superintendent from determining the qualifications of teachers or from making recommendations consonant with their merits, nor that prohibits the board, upon his recommendation, from making a contract with a teacher for a definite period, in an individual case, where circumstances require it. On the contrary the former opinion is approved, and the judgment of the circuit court complies therewith, and neither attempts to do more than strike at the arbitrary abuse of power which the board attempted to exercise by enforcing said void rule.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

299 Mo.—30.

AFFIRMED.

*Robert Burkham* for appellants.

(1)   There is nothing in the decision of this court rendered upon the first appeal which may be considered as recognizing that teachers in the St. Louis public schools hold for a life tenure.   (a)   There is nothing in the so-called charter of the Board of Education (Art. XVI, Chap. 102, R. S. 1919) establishing such a life tenure.   (b)  ·The policy of the law of this State does not favor life tenure on the part of public servants.   (c) The Superintendent of Instruction has authority to establish the tenure for which teachers in the St. Louis public schools shall hold their offices, provided his determination on this subject is approved by the Board of Education.   (2)   There being no charge in the petition that the members of the Board of Education were acting unlawfully as respects either the appointment or the promotion of teachers (the complaint being limited entirely to an alleged unlawful rule relating to removal), the court erred in issuing its injunctive order commanding respondents to obey the statute relating to appointment and promotion.

*Samuel H. West* and *Anderson, Gilbert & Wolfort* for respondents.

(1) The judgment of the trial court is in strict conformity with the opinion ·of this court, and no other judgment could have been entered under that mandate. (2)   The rule of the board appointing teachers from year to year or each year is in conflict with the decision of this court and is in direct violation of the statute (Section 11461, R. S. 1919).   If a teacher can be discharged by not being appointed for a year, then the statute providing for suspension by the superintendent for cause, and then action on that suspension by the board is useless,

and its obedience easily avoided and set at naught. (3) The whole rule (or Section 1 of Rule 47) was before the court in this case and was abrogated.

WHITE, J.—The appeal is from a judgment of the Circuit Court of the City of St. Louis quashing Section 1, Rule 47, adopted by the Board of Education of the City of St. Louis.

This is the second appearance of this case. The relators, ten citizens and householders of the city of St. Louis, filed their petition in the Circuit Court of the City of St. Louis, praying for a writ of *certiorari* commanding the members of the Board of Education and the Superintendent of Instruction of that city to certify the record of Section 1, Rule 47, of the Board of Education of the city, that the court might adjudicate the validity of the rule. The writ was issued accordingly. The respondents, members of the board and the superintendent, filed a motion to quash the writ. The motion was sustained. On appeal to this court the judgment of the circuit court was reversed and the cause remanded. The opinion of this court, written by HIGBEE, J., appears in 294 Missouri Report, at page 106.

The rule which on that appeal was held by this court to be in violation of the law, is as follows:

"Section 1. The teachers appointed at the close of the scholastic year shall hold their positions for one year; and the board distinctly reserves the right of discontinuing the services of any and all of the teachers at any time, should it deem such an action expedient. Any teacher appointed to a position shall hold position for that scholastic year, subject, however, to the above-mentioned provisions governing teachers reappointed at the close of the scholastic year. Every teacher employed by the board shall be required to sign a contract accepting appointment subject to the conditions of this rule."

The statute construed by this court on the former appeal, Section 11461, Revised Statutes 1919, so far as

pertinent to the issues, for convenience we quote as follows:

"The Superintendent of Instruction shall have general supervision, subject to the control of the board, of the course of instruction, discipline and conduct of the schools, textbooks and studies; and all appointments, promotions and transfers of teachers, and introductions and changes of textbooks and apparatus shall be made only upon the recommendation of the superintendent, and the approval of the board. The superintendent shall have power to suspend any teacher for cause deemed by him sufficient, and the Board of Education shall take such action upon the restoration or removal of such teacher as it may deem proper. All appointments and promotions of teachers shall be made on the basis of merit, to be ascertained, as far as practicable, in case of appointments, by examination, and in cases of promotion, by length and character of service. Examination for appointment shall be conducted by the superintendent, under regulations to be made by the board."

On the first hearing of the case in the circuit court the writ of *certiorari* was quashed on the ground that relators could not avail themselves of that remedy. This court not only held the proceeding was proper, but that the rule was in violation of law. On a new trial the Circuit Court of St. Louis entered judgment for the relators, quashing Section 1, Rule 47, and ordered that the Board of Education and the Superintendent of Instruction, "and each of them, and their successors in office, be and they are hereby forever enjoined *from appointing teachers for the year,* from discontinuing the services of any teacher, except after suspension by the Superintendent of Instruction *in the manner provided by ˡaw,* from in any other manner endeavoring to enforce said Section 1 of Rule 47, as set out in the opinion and mandate of the Supreme Court herein, and from appointing and promoting teachers except upon the basis of merit, to be ascertained as far as practicable, in cases

of appointment by examination, and in cases of promotion by length and character of service."

The respondents to the writ of *certiorari* duly appealed to this court. It is claimed here that the trial court erred in entering a decree which was not authorized by the opinion and mandate of this court.

I. It will be noticed by this final decree that the Board of Education and the Superintendent of Instruction are enjoined (1) "from appointing teachers for a year;" (2) "from discontinuing the services of any teacher except after suspension by the 'Superintendent of Instruction' in the manner provided by law;" (3) and from appointing and promoting teachers except upon the basis of merit, to be ascertained as far as practicable in case of appointment, by examination, and in case of promotion by length and character of service.

*Language of Decree*

As to the objection to the ruling "(2)" of the circuit court, relating to the discontinuance of the service of a teacher, the order is that it shall be done in the manner provided by law; that is, provided by Section 11461, set out above. The trial court certainly did not err in making that order. As to objection to order "(3)" relating to the appointments and promotions, etc., it is in almost the exact language of the statute regarding appointments and promotions and it cannot be contended that the trial court erred in making that order. Those injunctive orders are made because the observance of Section 1, Rule 47, was held by this court to be in violation of the statute.

The only part of the judgment which the appellants objected to with any plausible reason is that "(1)" enjoining the board from "appointing teachers for a year." It is argued with great earnestness by the appellant that under that ruling, teachers employed by the Board of Education hold for life, subject only to a possible removal for cause "after a trial." The appellants conjure up

an insidious peril in the form of teachers fastening themselves like leeches upon the Board of Education so that they cannot be shaken off.

Now let us see whether there is any ground for that dire apprehension. Section 11461 provides that the Superintendent may suspend any teacher "for cause *deemed by him sufficient;*" it does not matter whether anybody else deems the cause sufficient or not. The board may remove a teacher after such suspension "as it may deem proper;" whether anybody else may deem such removal proper is unimportant. This suspension and removal may be accomplished by the superintendent and the board when they determine that the best interests of the schools demand such action. They are the judges of the adequate cause. If the statute contemplates "a trial for cause" before removal, it would depend upon what is meant by "a trial." Probably a sense of fair play, as well as the law, would impel the respondents to give a teacher a chance to defend herself against a charge affecting her character. However, in this case we are not required to determine how the respondents shall discharge their duties in that respect. We have only to deal with the judgment appealed from which declares that a suspension and discontinuance of service shall be "in the manner provided by law," that is, Section 11461. Because the judgment refers to the statute for its interpretation it cannot be held erroneous.

III. The judgment enjoins the Board of Education and the Superintendent of Instruction from appointing teachers for the year. The particular vice in Section 1, Rule 47, was the very provision *requiring* all appointments to be for one year, and requiring teachers to sign a contract subject to the conditions of the rule. When the case was here before, after mentioning that the statute under consideration was enacted in 1897 (long after the rule had been promulgated) this court said, 242 S. W. at page 88:

Effect of Decree.

"Section 11461 was obviously enacted to abrogate this rule, and to remedy the evils arising from its enforcement. This purpose is as apparent as if it had been so declared in express terms."

Further, on the same page, this court said:

"The members of the board are shorn of all power of appointment or dismissal except upon the recommendation of the superintendent."

Since the statute was enacted to abrogate the rule, the rule was necessarily wiped out *in toto*. The judgment of the circuit court, in pursuance of the mandate of this court, must be interpreted with reference to the subject before it. It enjoined the employment of teachers for the year as a fixed and general policy because the rule required such appointments to be so made; it enjoins the enforcement of the rule.

The judgment must also be read with reference to the opinion and mandate of this court, which is on file in the case. There is nothing in the opinion of this court, nor in the judgment of the circuit court, which prohibits the Board of Education, on the recommendation of the Superintendent of Instruction, where circumstances require it, in an individual case, from making a contract with a teacher for a definite period. The judgment merely provides that all appointments and promotions shall be made upon the basis of merit to be ascertained in the manner provided by the statute. In the former opinion of this court it is said the law contemplates that the superintendent has the requisite capacity and information to determine the qualifications of teachers and may make recommendations accordingly. If the superintendent should recommend for sufficient reasons that an individual teacher should be appointed for a definite period and the board so chooses to appoint one, there is nothing in the judgment of the circuit court, nor in the opinion to prevent it.

The judgment and opinion of this court strike only at the arbitrary abuse of power which the board at-

tempted to exercise by enforcing the rule, contrary to law.

The reasons for the conclusions reached are so aptly stated in the opinion of HIGBEE, J., that it is unnecessary to elaborate them.

The judgment of the circuit court is affirmed. All concur, except *Woodson, C. J.,* who dissents.