MARGARET GARTENBACH, Appellant, v. BOARD OF EDUCATION of the City of St. Louis, and

WALTER A. GODBEY, Appellant, v. BOARD OF EDUCATION of the City of St. Louis, and

L. J. SEXTON, Appellant, v. BOARD OF EDUCATION of the City of St. Louis.—No. 40236.—204 S. W. (2d) 273.

Division One, July 14, 1947.

Rehearing Denied, September 8, 1947.

*W. R. Gilbert* and *John R. Stockham* for appellant; *Anderson, Gilbert, Wolfort, Allen & Bierman* of counsel.

*Emmet T. Carter, James E. Garstang* and *Gerald K. Presberg* for respondent.

CLARK, J.—Each of the three plaintiffs filed a separate suit in the circuit court, the allegations in the other petitions being substantially like the petition filed by the first named plaintiff, to wit: that she had for many years been employed as a Class A Principal in the public schools of the City of St. Louis at a salary of $5,000.00 per annum; that defendant, Board of Education, unlawfully removed her from the position of Class A Principal and assigned her to another position at a reduced salary. Damages for the difference in salary were prayed. By agreement the cases were tried together, but a separate judgment in favor of the defendant was rendered in each case. Each plaintiff has appealed, but it is stipulated that the same legal questions are involved in each case and the cases are briefed together and will be treated in one opinion.

In June, 1940, the Board, on recommendation of the Superintendent, created a teaching rank known as Limited Service with an

annual salary of $1,000.00. At first the Board adopted a policy of assigning to this rank all teachers who had reached the age of seventy-two years, but in 1941 this was changed to include all teachers who had reached the age of seventy years. Just prior to the beginning of the school year of 1941, each appellant having become seventy years of age or older was assigned to Limited Service on the recommendation of the Superintendent. No charges were filed and no hearing was had before the Board. The transfer of each appellant was made solely because of age and not because of incompetence or unsatisfactory service.

Many legal questions, or different phases of the same questions, are discussed in the briefs, but in our view the contentions which must be decided are:

 Appellants claim they were serving under contracts which gave them such tenure that they could be removed only for cause on recommendation of the Superintendent and after a hearing by the Board. That a rule or policy requiring removal of appellants solely because of age is unreasonable and void.

Respondent claims that the assignment of a Class A Principal to the rank of Limited Service is not a "removal," but a transfer which respondent had power to make in the manner in which the transfers were made.

The public schools of the City of St. Louis are governed by Sections 10724 to 10750, inclusive, Revised Statutes Missouri 1939, [Mo. R. S. A.] The sections or parts of sections relevant to this case are as follows:

Section 10725 vests the general management of the schools in the Board with power to make rules for, among other things, "the examination, qualification and employment of teachers . . . Such Board . . . shall have all the powers of other school districts under the laws of this state except as herein provided."

Section 10730 provides for the selection of a Superintendent with specified powers and duties and says: ". . . all appointments, promotions and transfers of teachers, . . . shall be made only upon the recommendation of the superintendent, and the approval of the board." Also: "The superintendent shall have power to suspend any teacher for cause deemed by him sufficient, and the board . . . shall take such action upon the restoration or removal of such teacher as it may deem proper. All appointments and promotions of teachers shall be made upon the basis of merit, to be ascertained as far as practicable, in cases of appointments, by examination, and in cases of promotion, by length and character of service . . ."

Each appellant was employed many years ago under contracts which provided no definite term. Apparently the appellants continued to serve from year to year without entering into new contracts and without formal renewal of the old contracts.

The statutes above mentioned do not expressly provide a definite tenure for teachers, but appellants contend they do so by implication and that this court has so construed them in State ex rel. Brown v. Board of Education, 294 Mo. 106, 242 S. W. 85; second appeal 299 Mo. 465, 253 S. W. 973.

We construed these statutes in that case and, on the first appeal, held that a rule of the Board was void which provided: "The teachers appointed at the close of the scholastic year shall hold their positions for one year; and the board distinctly reserves the right of discontinuing the services of any and all of the teachers at any time, should it deem such an action expedient. Any teacher appointed to a position shall hold position for that scholastic year, subject. however, to the above-mentioned provisions governing teachers reappointed at the close of the scholastic year. Every teacher employed by the board shall be required to sign a contract accepting appointment subject to the conditions of this rule." We held that under the statutes the Board had no power to discharge a teacher except on recommendation of the Superintendent, saying "that he alone is in a position to recommend intelligently their appointment, promotion, transfer or dismissal, and to organize a permanent corps of capable and efficient teachers." We also said: "Under this rule, for obvious reasons, the public schools of St. Louis can have no permanent corps of capable, efficient teachers, appointed on the basis of merit." The case was remanded and the circuit court issued a permanent injunction enjoining the Board and the Superintendent from, among other things, "appointing teachers for a year." The case was again appealed to this court and appellants argued that, under the injunction, teachers would hold for life, subject only to a possible removal for cause after a trial. This court, in substance, said the statutes authorize the Superintendent to suspend any teacher for cause deemed by him sufficient and the Board, after suspension, may remove a teacher as it may deem proper. "Probably a sense of fair play, as well as the law, would impel the respondents to give a teacher a chance to defend herself against a charge affecting her character." The injunction prevented the employment of teachers, on a yearly basis as a fixed and general policy and did not prevent the Board, "on recommendation of the Superintendent, where circumstances require it, in an individual case, from making a contract with a teacher for a definite period." We affirmed the judgment.

In the two appeals in the case just discussed we held: (1) That the Board was without power to discharge a teacher until the teacher had been suspended by the Superintendent; (2) That teachers could not be employed on a yearly basis as a general policy.

The writer of the opinion on the second appeal used some language indicating that the Superintendent was the sole judge of cause for suspension and the Board was sole judge of cause for removal, but

that a hearing should be accorded on a charge affecting the character of a teacher. Those matters were not necessary to a decision in that case and the writer of the opinion was merely answering the argument of counsel for the Board.

In the instant case it is unnecessary to review the cases cited by the parties on the question of whether appellants should have been given a hearing. A hearing would have established nothing except the ages of appellants, which are admitted, and the fact that appellants were transferred solely because of their ages, which is also admitted.

Section 10730 expressly gives the Board the power to transfer teachers on recommendation of the Superintendent and appellants were so transferred. But appellants say that a transfer from one position to another with a reduction in salary constitutes a dismissal, citing County Board of Education v. Young, 187 Ga. 644, 1 S. E. (2d) 739; State ex rel. McNeal v. Avoyelles Parish. School Board, 199 La. 859, 7 So. (2d) 165; Wilson v. Board of Education (Ill. App. Ct.), 64 N. E. (2d) 380. Those cases were decided under statutes which expressly gave the teachers definite tenure in the positions which they held. The Supreme Court of Oregon in Alexander v. District, 84 Ore. 172, 164 Pac. 711, and the Supreme Court of Indiana in School District of Peru v. State, 212 Ind. 255, 7 N. E. (2d) 176, have held that such a transfer does not constiute a dismissal.

Our statutes as construed in the two appeals of State ex rel. Brown v. Board of Education, heretofore discussed, establish some sort of tenure for the teachers. Appellants argue, in effect, that such tenure fortifies them in their respective positions for life, subject to removal or reduction in salary only for misconduct or incompetence. We do not think so. The Board could not arbitrarily discharge a teacher or reduce his salary, but surely it could abolish an un-needed school or an un-needed position without continuing to pay for services no longer required. The Board had power to establish a schedule of salaries for different positions and, on recommendation of the Superintendent, had express statutory power to transfer a teacher from one position to another. A teacher so transferred should be entitled to receive no more or less than the salary provided in the schedule for the position to which he was transferred. The right of the Board to transfer teachers being written in the statute became a part of the teacher's contract. In other words, the teacher's tenure did not vest him with an absolute right to hold a particular position ██ and receive the salary provided for that position.

██ In this case the Board created the rank of Limited Service and established a general rule of assigning to that rank all teachers who had reached the age of seventy years. We cannot say that that was an arbitrary and unreasonable exercise or abuse of the Board's power. While some persons reach that age in full possession of their mental and physical power, it is a regrettable fact that many others are not

so fortunate. The vigor and ability of most persons have at least diminished by that time. Some private industries have fixed an arbitrary age for compulsory retirement of employees. The state constitution has done the same for judges of this and other appellate courts and, since the appellants were transferred to Limited Service, a law has been enacted [Session Acts Missouri, 1943, pages 899, 904; Mo. R. S. A., 1946 pocket parts, pages 107, 110] the provisions of which, relevant to the instant case, are: after three years of satisfactory service a teacher's employment becomes permanent and he can be discharged for only specified causes, on written charges and after a trial by the Board; no teacher shall be demoted or his salary reduced without the same procedure is followed: Also, the statute gives the Board the right ''to terminate the services of all who have now attained and who shall hereafter attain the age of compulsory retirement fixed by a retirement system, provided, however, that if no such retirement system shall be in operation, teachers or principals now in service seventy (70) years of age and over and those who shall hereinafter attain the age of seventy (70) years shall, automatically, until September 1, 1945, be assigned to such position and at such compensation as may be recommended by the Superintendent of Instruction and approved by the Board . . . ''

Pursuant to the Act of 1943 each appellant was retired on January 1, 1944. Both sides argue that Act as a legislative interpretation of the law as it previously existed. Appellants say, that as the Act for the first time expressly authorized the Board to assign principals to other positions at reduced salaries, the General Assembly did not believe the Board already had that power. Respondent says, that as the Act provided a definite teacher tenure, the General Assembly did not believe such tenure already existed.

Legislative interpretation, where clear, is persuasive, but not conclusive on the courts.

For the reasons stated, the judgments are affirmed. All concur.