WALTER BERGMANN ET AL., Appellants, v. BOARD OF EDUCATION OF THE NORMANDY CONSOLIDATED SCHOOL DISTRICT ET AL., Respondents, No. 41450—230 S. W. (2d) 714.

Division One, May 8, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, June 13, 1950.

*Victor B. Harris, John Raeburn Green* and *Milton I. Goldstein* for appellants.

646

*Arthur V. Lashly, Jacob M. Lashly, Israel Treiman* and *Lashly, Lashly, Miller & Clifford* for respondents.

DALTON, J.—Action for actual and punitive damages and for injunctive and other equitable relief. The fourth amended petition contains six counts. The trial court dismissed counts II, IV and VI on defendants' motions to dismiss and, after an answer and reply were filed, the court entered judgment on counts I, III and V in favor of defendants on defendants' motion for judgment on the pleadings. Plaintiffs have appealed.

The basic facts admitted by the pleadings are that on April 20, 1944 the defendant Board of Education of the Normandy Consolidated School District entered into a written contract with plaintiff Charles Koerner by which he was employed as a teacher in the Normandy Consolidated School District for the school year of 1944-1945; that, in 1944, plaintiff Leon Prost was by oral agreement employed by the said board to teach in said schools for the school year 1944-1945; that said Koerner and Prost remained in the employment of said board as teachers in said district until the end of the school year 1944-1945; that they were duly paid for their services pursuant to their respective contracts of employment; that on March 22, 1945 the said board by and through its superintendent Fred B. Miller addressed a letter to each of said plaintiffs notifying them that they would not be re-employed for the school year 1945-1946; that said letters were duly received by Koerner and Prost, respectively; and that they were not subsequently re-employed by said board.

In count I of the petition it is alleged that plaintiffs Walter Bergmann and Helene Villard are respectively the president and secretary of Local 779 of Normandy Federation of Teachers of the American Federation of Teachers, affiliated with the American Federation of Labor; that said Normandy Federation is a voluntary, unincorporated association of classroom teachers; that plaintiffs bring this suit for themselves and in behalf of said Local 779, as officers thereof, and in behalf of the other members of said Local; that Local 779 was organized in 1943 by classroom teachers of said Normandy District; that plaintiffs Charles Koerner and Leon Prost were classroom teachers in the Normandy School District and held memberships and were active in Local 779; that the defendant Board of Education of the Normandy Consolidated School District is "a public corporation existing under the laws of the State of Missouri"; and that the individual defendants include all members of said Board of Education in 1945 (four of whom are not now members), their successors in office and R. D. Shouse, the principal of the Normandy High School in 1945. One Fred B. Miller, the superintendent of the Normandy schools in 1945, was also named as a party defendant, but his death was, thereafter, suggested and plaintiffs dismissed as to him.

Plaintiffs charged that Miller and Shouse expressed to the teachers of the Normandy High School their hostility to the members of Local 779 and Miller carried on a campaign of vilification and abuse of teachers' organizations in general and of Local 779 in particular; that Miller stated that, if possible, he would discharge them from their positions, if they joined Local 779, or continued their affiliation with it; that his conduct was known to the then board members; and that the defendant members of the Board of Education and their successors in office did nothing to curb the violent and coercive conduct of defendant Miller against the members of Local 779.

It is further alleged that plaintiffs Koerner and Prost were well qualified as classroom teachers, but notwithstanding this fact their "employment" as regular teachers in said Normandy District "was terminated forthwith" by notice, as stated; that this "action was solely because of the membership in and affiliation with * * * said Local 779"; that with a full knowledge of the said facts "said Board of Education and said individual members thereof on or about May 25, 1945 refused to restore plaintiffs Koerner and Prost to their position as regular teachers in said Normandy District and thereby ratified and approved the opposition of said defendant Miller to Local 779"; and that said Board of Education and said individual members thereof by their conduct in thus refusing to do anything about said action and conduct of defendant Miller ("in discharging and dismissing plaintiffs Koerner and Prost") have "coerced, re-

strained and interfered with the right of plaintiffs Charles Koerner and Leon Prost to belong to any lawful organization they choose to join; have deprived these plaintiffs of their property without due process of law; and said board and its agents have thereby violated Amendment 14 of the Constitution of the United States of America.''

The relief asked on the first count was ''for an order of this Court directing the defendants to restore plaintiffs Koerner and Prost to their former positions as teachers in said Normandy District, to reimburse them for any financial loss they may have suffered as a result of defendants' aforesaid conduct, and for a further order directing the defendants and all persons employed by them in the administration of said Normandy School District from interfering with, threatening, vilifying, or otherwise abusing the plaintiffs, or any other ▇▇▇▇ member of Local 779, because of his affiliation with or membership in said Local, or because of his affiliation with or membership in any other organization of teachers, and for such further orders as to the Court may seem just and proper.''

In count II it is alleged that Koerner and Prost were notified March 22, 1945 that they *would not be re-employed* as regular teachers in said Normandy District'' (Italics ours) and that ''this action was solely because of the membership in and affiliation * * * in said Local 779.'' Certain paragraphs of count I are incorporated including the prayer for relief.

In count III the allegations of count I are incorporated by reference and it is further alleged that ''the conduct of the defendants herein as aforesaid *in discharging and dismissing* plaintiff Charles Koerner as a regular teacher in said Normandy District because of his membership in said Local 779, has held said plaintiff up to public ridicule and has damaged his reputation as ·a teacher.'' (Italics ours). Plaintiff Koerner asked $10,000 actual damages and alleged that ''because said conduct has been deliberate and done with malice, it constitutes malicious slander and entitled plaintiff Koerner to Ten Thousand ($10,000.00) Dollars additional as punitive damages.''

In count IV it is alleged ''the conduct of defendants as aforesaid *in refusing and failing to re-employ* plaintiff Koerner as a regular teacher in said Normandy District through no fault of his own is a reflection on his character and his reputation and severely damages him in the pursuit of his calling.'' (Italics ours). Plaintiff Koerner asked $10,000.00 actual damages and charged that ''because said conduct has been deliberate and with malice, it constitutes malicious slander and entitles plaintiff Koerner to Ten Thousand ($10,000.00) Dollars additional as punitive damages.'' ·

In count V it is alleged that the ''conduct of the defendants herein as aforesaid *in discharging and dismissing plaintiff Leon Prost* as a regular teacher, in said Normandy District because of his member-

ship in said Local 779, has held said plaintiff up to public ridicule and has damaged his reputation as a teacher.'' (Italics ours). The same relief is asked as in count IV.

Count VI is based upon ''the conduct of the defendants herein as aforesaid *in refusing and failing to re-employ* plaintiff Leon Prost as a regular teacher, in said Normandy District because of his membership in said Local 779, has held said plaintiff up to public ridicule and has damaged his reputation as a teacher.'' (Italics ours). Actual and punitive damages are asked as in count V. In concluding count VI it is alleged that neither Koerner nor Prost seek actual or punitive damages against the individual school board members elected and serving subsequent to March 22, 1945.

The members of the Board of Education, elected after 1945, moved (in two motions) to dismiss on the ground that the fourth amended petition did not state a claim on which relief could be granted against them; that no facts were pleaded to show their participation in, ratification of or responsibility for the acts alleged; that the exercise of discretion by defendants as public officers was not subject to control by injunction; and that no threatened legal wrong was alleged as a basis of equitable jurisdiction. The motions were sustained.

Defendant Board of Education filed a motion to dismiss on the ground that the petition failed to state a claim on which relief could be granted against it and alleged that it had no capacity to be sued. The motion was sustained. The other defendants moved to dismiss on the ground that ''the fourth amended petition herein fails to state a claim on which relief can be had.'' The motion was overruled. These defendants further moved to dismiss counts II, IV and VI on the ground that each count failed to state a claim on which relief could be granted. The motion was sustained.

In their answer to counts I, III and V, the individual defendants constituting the Board of Education in 1945 and defendants Shouse and Miller admitted that Koerner and Prost had been employed, notified and not re-employed, all as stated supra. Other allegations were denied, or it was alleged defendants were without information sufficient to form a belief as to the truth of the allegations. Plaintiffs then filed a reply alleging the facts which we have referred to as the basic facts admitted by the pleadings. Defendants, thereupon, moved for judgment on the pleadings on the ground that ''as a matter of law on the undisputed facts appearing in the pleadings'' the defendants were entitled to judgment. The motion was sustained and judgment entered.

Appellants' brief contains no specification of error under points and authorities or elsewhere in the brief. Appellants insist that ''the ruling on counts I, III and V should be reversed'' and that ''the judgment of the circuit court must be reversed and this cause

remanded with instructions to the circuit court directing the taking of testimony to ascertain the extent of the damages."

Appellants say that "actually this is a class suit brought by the officers of the Normandy Federation of Teachers on behalf of themselves and of the other members to protect their constitutional right to join a lawful organization of their choice without interference by defendants." They contend that the sole issue in the instant case "is the right of public school teachers to organize"; that the "case presents the simple question of whether or not public school teachers may join an organization of their own choosing without interference, abuse and discrimination on the part of school officials"; that "no issue is involved * * * other than the right of public school teachers to belong to a union free from interference"; that "the right of public employees to organize is no longer an open question in Missouri," it having been determined by this court in the City of Springfield v. Clouse, 356 Mo. 1239, 206 S. W. (2d) 539; that "plaintiffs stated a cause of action for injunctive relief" on the ground plaintiffs' constitutional right to belong to a Teacher's Federation affiliated with the American Federation of Labor had been denied and interfered with by the defendants; and that "injunction will lie against them to enjoin their unlawful conduct in the future as well as to restore the status quo, including the reinstatement of the two plaintiffs who were discharged or denied employment because of their membership in the aforesaid organization." Appellants further say that "the petition charges illegal and unconstitutional acts of the defendant Board of Education, the members thereof and certain employees"; and that "the charge is that the plaintiffs were discriminated against as teachers solely because of their affiliation with a labor union and that this action constituted an impairment of their liberties protected by the Constitution of the United States and the State of Missouri."

Appellants further say "there is no claim of slander in the petition"; that the discriminations against Koerner and Prost are but "one manifestation of a campaign of vilification and abuse launched by defendants"; that "such discriminations * * * are directed at all the plaintiffs and constitute unlawful interference with the rights of all"; that Koerner and Prost are entitled to both actual and punitive damages; that since defendants acted unlawfully and with malice, they are personally liable for their acts even though they were public officials; that the present members of the board are properly joined as defendants since the relief by injunction is prospective and the petition alleges that these defendants have continued, ratified and approved the acts of their predecessors in office; and that "the pleadings * * * and the applicable statute show * * * that the employment of plaintiffs Koerner and Prost as teachers was *terminated* solely by reason of their union membership as a part of a campaign

of vilification, abuse and threats against union activity,'' and hence a cause of action was stated. (Italics ours). Appellants ask the ''reinstatement of the two individual teachers.''

▮ We have seen that appellants' brief does not, under points and authorities as required by our rule 1.08 (a) (3), specify any particular action or order of the trial court as being erroneous. The court's action in ▮ ruling the several motions to dismiss is not assigned as error, nor discussed in the brief. In fact there is no specification of alleged error as required by our rules. In their reply brief appellants state that ''the circuit court erred in ruling that no cause of action was stated,'' but appellants refer to no particular motion ruled by the trial court, nor to any particular defendant or defendants. In their statement, appellants say ''a motion for judgment on the pleadings * * * was sustained * * * and plaintiffs duly perfected their appeal on that ruling to this court.'' Since the judgment is based upon the admitted facts shown by the pleadings when this motion was filed and ruled, we will determine whether the judgment is erroneous, although the court's action in ruling the motion for judgment on the pleadings is not assigned as error. It follows that many of the matters urged, supra, are in no wise before us for consideration.

▮ The three counts, as remaining in the petition at the time the motion for judgment on the pleadings was ruled, are all based upon the alleged acts of the members of the Board of Education in 1945 in *terminating* the employment of Koerner and Prost as regular teachers in the Normandy District *by discharging and dismissing them.* In effect, these counts are based upon appellants' theory that the applicable statutes created ''some sort of permanent tenure for teachers'' and that Koerner and Prost were discharged and dismissed ''for unlawful reasons.'' We must construe the statutes and determine whether, in view of the basic facts admitted by plaintiffs' reply, the judgment is erroneous.

This action is not one for a declaration of rights, nor to review any acts of an administrative body. No federal statute is involved. Plaintiffs seek money damages and an injunction, as stated, because of the alleged ''unconstitutional discriminations against the plaintiffs.'' There is no allegation that defendant Shouse had any authority to employ or discharge teachers or that he attempted to exercise such authority, but plaintiffs alleged that he ''on numerous occasions, acting under the direction of defendant Miller, expressed to teachers of said Normandy High School his hostility to and his desire to discriminate against· the members of said Local 779.'' Sufficient facts are not stated in any count to sustain a claim for relief against defendant Shouse. The cause has been dismissed as

to defendant Miller. The defendants who were the new members of the Board of Education, elected after 1945, and the Board of Education, as a corporate entity, went out of the case on the court's rulings on the several motions to dismiss and no act of the court in that respect is now assigned as error or presented for decision. The only acts charged against the board members in 1945, other than the alleged discharge and dismissal of Koerner and Prost as teachers, and for the reason alleged, is that the said board members *"refused to restore plaintiffs* Koerner and Prost *to their position* as regular teachers * * * and thereby ratified and approved the opposition of said defendant Miller to Local 779." (Italics ours).

Appellants cite State ex rel. Brown v. Board of Education, 294 Mo. 106, 242 S. W. 85, 299 Mo. 465, 253 S. W. 973, where it was held that the court had power to require the school board to account for official conduct in the management and disposition of all business and affairs committed to the board's charge and not simply funds and property, and that a state statute, there under consideration, was purposely enacted to abrogate a rule of the board relating to the appointment of teachers and necessarily wiped it out entirely. Appellants also cite Gartenbach v. Board of Education, 356 Mo. 890, 204 S. W. (2d) 273, 275, where it was said the statutes construed in the Brown case establish *some sort of tenure for teachers* and that the board "could not arbitrarily discharge a teacher or reduce his salary." The statutes considered in those cases are not applicable here.

Appellants further cite and rely upon the case of State ex rel. Wood v. Board of Education of the City of St. Louis, 357 Mo. 147, 206 S. W. (2d) 566, where it was held that the board's rule requiring the removal of women teachers solely on the ground of marriage. was unreasonable and arbitrary and violated the intent of the then applicable statute. No rule, custom or usage is here relied upon.

The sections of the statute applicable here are Sec. 10342 R. S. 1939 (providing for annual written contract for teachers, specifying the term to be taught and the wages to be paid) and Sec. 10342a, Laws 1943, p. 890, Mo. R. S. A. Sec. 10342a. The latter section provides: "* * * It shall be the duty of each and every board having one or more teachers under contract to notify each and every such teacher in writing concerning his or her re-employment or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires. Failure on the part of a board to give such notice shall constitute re-employment on the same terms as those provided in the contract of the current fiscal year; and not later than the first day of May of the same year the board shall present to each such teacher not so notified a regular contract the

same as if the teacher had been regularly re-employed. * * *"
This section did not change the legal effect of the teacher's contract.
Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S. W.
(2d) 874, 879. It was there said "the new law merely imposed a
statutory duty on both parties to give notice of its (the contract's)
continuance or not."

While the latter section provides for re-employment under specified
circumstances, it expressly provides for the execution of a new,
specific and distinct annual contract for each school year for which
the teacher is employed. Notice under the statute that the teacher
will not be re-employed for the succeeding year cannot, therefore,
be construed as a discharge or dismissal from employment, since
the only written contract of employment is in no wise affected by
the notice. The statute requires a determination of the matter of
employment or non-employment by a specified date. A teacher is
entitled to the statutory notice in the event that he is not to be
re-employed. We hold that Sec. 10342a, supra, does not "establish
some sort of tenure for teachers." It cannot be construed as Sec.
10730 and Sec. 10730a, Laws 1943, p. 899, were construed in the case
of State ex rel. Wood, supra, where the court said that in view of
these sections "the tenure of teachers has been strengthened and
approaches a degree of permanency." (206 S. W. (2d) 568). The
sections there considered have no application here.

In view of the facts admitted by the pleadings, no claim on
which relief could be granted to plaintiffs by way of injunction or
damages against the remaining defendants was stated in counts I, III,
and V, which were the only counts before the court when the motion
for judgment on the pleadings was sustained. On the admitted facts,
plaintiffs Koerner and Prost had no contractual, preferential or
statutory rights to continued employment. No contractual or statu-
tory relationships were terminated by the notices. The existing
contracts of employment were carried into effect, they were duly
executed in all respects by the respective parties and they expired
by lapse of time. There were no discharges, dismissals or termina-
tion of the employment of Koerner and Prost "for unlawful reasons,"
or in violation of constitutional rights, because there were no dis-
missals, discharges or terminations of employment by the defendants.
It is therefore unnecessary to review the numerous authorities cited
by appellants in support of the proposition that "school authorities
do not have unbridled discretion in the selection of teachers," but
must exercise their discretion "within the frame work of the Bill of
Rights."

No issue as to the right of any one to join a union is pre-
sented on this record. Koerner and Prost did become and remain
members of Local 779. Their right to do so is not in question. City
of Springfield v. Clouse, supra. There is no allegation that any

teacher was intimidated or prevented from becoming a member by reason of any act of defendants. The petition contains no allegation that the defendant board members had promulgated any rule or adopted any policy against employing members of Local 779, or of any other union, or that any one was restrained thereby and prevented from exercising any constitutional right to join a union. No basis for affirmative equitable relief was stated and the pleaded and admitted facts were not such as would sustain a claim upon which relief might be granted by way of damages.

The judgment is affirmed. All concur.