Garnet H. WHITE, Plaintiff-Appellant,

v.

SCOTT COUNTY SCHOOL DISTRICT NO. R–V et al., Defendants-Respondents.

No. 9474.

Missouri Court of Appeals, Springfield District.

Nov. 28, 1973.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 17, 1973.

Application to Transfer Denied Feb. 11, 1974.

Paul Seabaugh, Cable & Seabaugh, Kennett, for plaintiff-appellant.

Fielding Potashnick, Sikeston, for defendants-respondents.

TITUS, Chief Judge.

Plaintiff, a probationary teacher (§ 168.-104(5) RSMo 1969, V.A.M.S.) of Scott

County School District No. R–V, commenced this action in reliance on her interpretation of § 168.126 of the Teacher Tenure Act. §§ 168.102 to 168.130. Three of the five initial counts of the petition were dismissed by plaintiff before the cause (via a stipulation of facts) was submitted to the Circuit Court of Mississippi County after a change of venue. By Count I, plaintiff asked that defendants (the school district and members of its board) be required to reinstate her as a teacher; in Count III she sought $6,950 in damages from the school district. The trial court entered judgment for defendants on both counts and plaintiff appealed.

The board of education is permitted by § 168.126, subd. 1 to contract with and employ a probationary teacher; the section provides that the "contract . . . shall specify the number of months school is to be taught and the wages per month to be paid." In part, § 168.126, subd. 2 states: "If in the opinion of the board of education any probationary teacher has been doing unsatisfactory work, the board of education . . . shall provide the teacher with a written statement definitely setting forth his alleged incompetency and specifying the nature thereof . . .. If improvement satisfactory to the board of education has not been made within ninety days of the receipt of the notification, the board of education may terminate the employment of the probationary teacher immediately or at the end of the school year. . . . On or before the fifteenth day of April but not before April first in each school year, the board of education shall notify a probationary teacher who will not be retained by the school district of the termination of his employment." Under § 168.126, subd. 3, a "probationary teacher who is not notified of the termination of his employment shall be deemed to have been appointed for the next school year, under the terms of the contract for the preceding year."

According to the stipulation of facts, plaintiff had been employed by defendant school district as a probationary teacher for the 1970–71 school year. On April 8, 1972 [1971?], the district determined she "was an unsatisfactory teacher and failed to renew [her] teacher's contract for 1971–72, [and] did not give [her] notice in writing specifying her alleged teaching deficiencies, and did not afford [plaintiff] the opportunity to correct those alleged deficiencies, within the ninety (90) day period set forth in" § 168.126, subd. 2, and on "April 9, 1971, [plaintiff] received notice from [the district] that her teaching contract for the school year 1971–72 would not be renewed." At this point it is well to note that plaintiff does not contend there was any interruption of her 1970–71 contract by defendants or that she was not fully compensated in accordance with that particular agreement.

Except incidentally, we are not here involved with indefinite contracts [§ 168.-104(3)] between a *permanent* teacher [§ 168.104(4)] and a school district [§ 168.-104(6)] that, subject to § 168.106, continue in effect indefinitely and which may be modified (§ 168.110) by a board of education [§ 168.104(1)] or terminated for the reasons stated in § 168.114 only following due notice (§ 168.116) and hearing (§ 168.-118), after which a permanent teacher who has been demoted or whose indefinite contract has been terminated, is afforded a right of appeal. § 168.120. However, a comparison of the statutory provisions relating to contracts of permanent teachers who have tenure and agreements between a school district and a probationary teacher who has no tenure, makes it clear that probationary teachers' contracts are annual agreements for one school term [§ 160.-011(11)] or one school year, and that appointment of the probationary teacher for the next school year on the same terms is automatic only if he is not notified of the termination of his employment between April 1 and 15 of the current contract year. § 168.126, supra.

As we comprehend plaintiff's urgings, she asseverates that although she was

duly notified on April 9, 1971, that her employment was to be terminated at the conclusion of the 1970–71 school year, nevertheless since the district, on April 8, 1971, had determined that she "was an unsatisfactory teacher," the board was powerless to prevent her continued employment into the 1971–72 school year because, during the 1970–71 term, it had not first provided her with a written statement of her alleged incompetency and thereafter given her 90 days to correct such faults. As stated in her brief: "Plaintiff contends that if a probationary teacher is found to be unsatisfactory then he must be advised in writing of his deficiencies and given a 90 day period to correct his inadequacies. In order to accomplish this, notice of deficiencies would have to be given to a teacher considered to be unsatisfactory before January 15 in order to complete the 90 day period before April 15. If there was a reason other than unsatisfactory performance, such as reduction in staff, economy, etc., then other provisions of the Education Code would have to be utilized." Unfortunately, plaintiff does not advise what laws other than § 168.126 would be applicable to those instances and we have found none.

 Plaintiff's interpolation of § 168.-126, in our opinion, results from a futile effort to commingle independent insoluble circumstances incapable of admixture, i.e., (1) the act of discharging or dismissing a probationary teacher (either immediately or at the end of the current school year) by terminating the existing contract of present employment after proper notice and a 90 day allowance for correction,[1] and (2) the act of terminating the employment (actually avoiding rehiring) of a nontenured teacher for the ensuing school year through timely notice thereof. Nothing in the Teacher Tenure Act has altered the right of a board of education to deter-

mine ex parte what nontenured probationary teachers it will or will not re-employ for the succeeding school year [cf. Williams v. School District of Springfield R–12, 447 S.W.2d 256, 260[1–2] (Mo.1969)] except insofar as termination may be predicated and proved to have been on impermissible constitutional reasons which are not involved in this case. Freeman v. Gould Special Sch. Dist. of Lincoln County, Ark., 405 F.2d 1153, 1159[5] (8th Cir. 1969), cert. denied 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93 (1969); Reed v. Board of Education of Parkway School Dist., 333 F.Supp. 816, 818–819 (E.D.Mo.1971), rev'd on other grounds 460 F.2d 824 (8th Cir. 1972). Unlike the probationary teacher in Birdwell v. Hazelwood School District (note 1, supra), 352 F.Supp. 613, who was dismissed prior to the expiration of his existing contract term, the procedural notice given present plaintiff under § 168.126 was not for the purpose of vitiating her existing 1970–71 agreement, but rather constituted the required statutory admonition that plaintiff was not to be re-employed in the next school year. Plaintiff's then existing 1970–71 contract was not affected by the notice [Bergmann v. Board of Education, 360 Mo. 644, 654, 230 S.W.2d 714, 720[2] (1950)], and it was not, therefore, necessary that she be given a written statement of her alleged deficiencies and a 90 day period for atonement before defendants could timely and effectively indicate that plaintiff would not be rehired for the 1971–72 school term.

The judgment is affirmed.

STONE and BILLINGS, JJ., and FLAKE L. McHANEY, Special Judge, concur.

HOGAN, J., not sitting.

---

1. The termination of a current contract before the expiration of the agreement term, albeit the probationary teacher's actual discharge would not be effective until the end of the existing school year, would extinguish his right to continued or renewed employment for the following school year. Birdwell v. Hazelwood Sch. Dist., 352 F.Supp. 613, 622 (E.D.Mo.1972).