Dear Representative Auer:
This official opinion is issued in response to your request which asks:
 1. Whether the Superintendent of Schools of the Board of Education of the City of St. Louis can, with the approval of the Board, notify a probationary teacher before April 15 in any year that the teacher will not be retained for the subsequent school year and that the teacher's services are terminated at the end of the school year, on the basis of any reason whatsoever, or for no reason at all, so long as the reason is not an impermissible constitutional one (for example, because of the teacher's race or because of the teacher's exercise of First Amendment rights).
 2. If it is determined by the Superintendent and Board in March of a given year that the work of a probationary teacher is unsatisfactory, may the Superintendent, with the approval of the Board, notify the teacher before the fifteenth day of April that the teacher will not be retained for the subsequent school year and that the teacher's services are thus terminated, without stating to the teacher the reason or reasons for the nonrenewal, without furnishing the teacher with a written statement setting forth the nature of the teacher's incompetency and without allowing the teacher a period of one semester within which to improve?
The school district of the City of St. Louis is a "metropolitan school district" as defined in Sections 160.011(6) and 162.571 (all statutory references herein are to RSMo 1978); therefore, the statute applicable to termination of a probationary teacher is Section 168.221. Subsection 1 of Section 168.221 provides as follows:
 The first three years of employment of all teachers and principals entering the employment of the metropolitan school district shall be deemed a period of probation during which period all appointments of teachers and principals shall expire at the end of each school year. During the probationary period any probationary teacher or principal whose work is unsatisfactory shall be furnished by the superintendent of schools with a written statement setting forth the nature of his incompetency. If improvement satisfactory to the superintendent is not made within one semester after the receipt of the statement, the probationary teacher or principal shall be dismissed. The semester granted the probationary teacher or principal in which to improve shall not in any case be a means of prolonging the probationary period beyond three years and six months from the date on which the teacher or principal entered the employ of the board of education. The superintendent of schools on or before the fifteenth day of April in each year shall notify probationary teachers or principals who will not be retained by the school district of the termination of their services. Any probationary teacher or principal who is not so notified shall be deemed to have been appointed for the next school year.
Section 168.221 establishes two classifications of teachers: probationary teachers and permanent teachers. These classifications are similar to those established under the Missouri Teacher Tenure Act, Sections 168.102-168.130.
Subsection 1 of Section 168.221 is similar to subsection 2 of Section 168.126 in that it prescribes the procedures for two distinct actions relative to probationary teachers: (1) dismissal of a probationary teacher because of unsatisfactory work, and (2) nonretention of a probationary teacher for the next school year. This office has previously determined that Section 168.126.2 does not require a board of education to give a probationary teacher ninety days notice prior to April 15 of its intention not to rehire the teacher because of incompetency, and that the only requirement under Section 168.126.2 is that notice be given prior to April 15 of the board's intention not to rehire, otherwise the teacher is automatically rehired. See Opinion No. 18 (1972).
The conclusion we reached in Opinion No. 18 (1972) has since been reinforced by recent court decisions in Missouri. The St. Louis Court of Appeals in Revelle v. Mehlville School District R-9, 562 S.W.2d 175
(Mo.App. 1978), held that the only obligation of a school board with respect to nonretention of a probationary teacher under the Teacher Tenure Act is to give notice on or before April 15 of its intent not to rehire the teacher. The issue involved in Revelle was whether the teacher should be given ninety days after receipt of notification to make necessary improvements in his work performance. Similarly inWhite v. Scott County School District No. R-V, 503 S.W.2d 35 (Mo.App. 1973), the Springfield Court of Appeals stated that:
 Nothing in the Teacher Tenure Act has altered the right of a board of education to determine ex parte what nontenured probationary teachers it will or will not reemploy for the succeeding school year [citation omitted] except insofar as termination may be predicated and proved to have been on impermissible constitutional reasons . . . . Id. at 37.
We believe that the views expressed in Opinion No. 18 (1972) and the above-cited decisions are equally applicable to Section 168.221.1. That is, a metropolitan school district's only obligation is to give notice before April 15 of its intention not to rehire a probationary teacher. There is no additional requirement that the superintendent of schools give a reason for not rehiring the teacher.
Your second question asks whether the superintendent of schools, having determined in March that the work of a probationary teacher is unsatisfactory, may notify the teacher on or before April 15 that he or she will not be retained for the subsequent school year without stating to the teacher the reason or reasons for the nonrenewal, without furnishing the teacher with a written statement setting forth the nature of the teacher's incompetency, and without allowing the teacher a period of one semester within which to improve. Our Opinion No. 18 (1972) and the above-cited cases hold that the only requirement concerning nonrenewal of a teacher's contract is notification prior to April 15 of the current school year. Opinion No. 18 notes, with respect to Section 168.126.2, the potential problem of applying the dismissal procedure to the nonrenewal provisions:
 Assuming arguendo that the ninety day notice provision applied to rehiring as well as termination, suppose the probationary teacher's incompetency first exhibited itself in late February. If the ninety day notice were given immediately, it would be less than ninety days until April 15. The board would have to offer the teacher a contract for the next year even though he was under a ninety day notice. Suppose, further, the teacher failed to correct the fault and was terminated the end of May. This situation would then exist — probationary teacher's current contract terminated but by operation of law the teacher would have a contract for the next school year. We do not believe the legislature intended for such an absurd result to be a possibility.
CONCLUSION
It is the opinion of this office that under Section 168.221, RSMo, a metropolitan school district (1) is not required to give a probationary teacher any reason for nonretention of the teacher for the subsequent school year, and (2) is not required to give a probationary teacher whose work has been determined unsatisfactory in March of a given year a statement of the reason or reasons for nonretention or a written statement setting forth the nature of the teacher's incompetency, or to allow the teacher a period of one semester within which to improve.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Leslie Ann Schneider.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Opinion No. 18 (1972)